955 P.2d 993

### STATE of Arizona, Appellee,

v.

### Michael Grant FOSTER, Appellant.

### No. 1 CA–CR 96–0706.

Court of Appeals of Arizona,
Division 1, Department A.

April 7, 1998.

**356**

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Serena Christion, Assistant Attorney General, Phoenix, for Appellee.

John C. Williams and Warren R. Darrow, Prescott, for Appellant.

WEISBERG, Judge.

¶ 1 Michael Grant Foster ("defendant") appeals from his convictions and sentences for two counts of felony disorderly conduct. For the reasons set forth below, we affirm the conviction and sentence in count I and vacate the conviction and sentence in count II.

### Facts and Procedural History

¶ 2 Defendant and his roommate, Brenda Bertsch ("Bertsch"), had been having problems and Bertsch decided to move out of defendant's residence. Bertsch invited several friends, including Sande Rust, to help her move her belongings. During the moving process, defendant arrived at the house and became increasingly agitated. Defendant repeatedly tried to talk to Bertsch, but she was unwilling to do so and continued moving her belongings. He testified that he became concerned that people may have been moving his belongings as well.

¶ 3 Eventually, defendant went to his bedroom, returned with a rifle, and ordered everyone out of the house. People started to leave through the front door, but Bertsch screamed "he's going to kill me" and ran out the back door. Defendant pursued and tackled Bertsch and pointed the rifle at her. At this point, other people, including Rust, physically attempted to subdue defendant. During the altercation, the gun went off and the bullet grazed Rust's knee. Defendant was then subdued until police arrived.

¶ 4 Defendant was charged by indictment with two counts of aggravated assault, each a dangerous class 3 felony. In count I, the state alleged that defendant intentionally placed Bertsch in reasonable apprehension of immediate bodily harm, see Ariz.Rev.Stat. Ann. ("A.R.S.") § 13–1203(A)(2)(Supp.1997), and in count II, the state alleged that defendant intentionally, knowingly, or recklessly caused physical injury to Rust. See A.R.S. § 13–1203(A)(1). The trial court sua sponte gave lesser-included offense instructions for

disorderly conduct on each count. *See* A.R.S. § 13–2904(A)(6). The jury acquitted defendant of aggravated assault and convicted him of two counts of disorderly conduct by recklessly handling, displaying, or discharging a firearm, a class 6 dangerous felony. The court entered a judgment of guilt on September 4, 1996 and sentenced defendant to two consecutive three-year prison terms. Defendant timely appealed.

¶5 Defendant's appellate counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this court that after a search of the entire record on appeal, he found no arguable ground for reversal. This court granted defendant an opportunity to file a supplemental brief, which he has done. After review of the record, this court ordered counsel to file supplemental briefs on three arguable issues. *See Penson v. Ohio*, 488 U.S. 75, 83, 109 S.Ct. 346, 351, 102 L.Ed.2d 300 (1988).

### Discussion

#### Jurisdiction

¶6 "An accused may be convicted of an offense different from that [with] which he was charged only if it is included in the offense charged." *State v. Sanders*, 115 Ariz. 289, 290, 564 P.2d 1256, 1257 (App.1977) (citation omitted). This is because the "existence of subject matter jurisdiction is determined by the general nature of the charge contained in the complaint." *State ex rel. Baumert v. Municipal Ct.*, 124 Ariz. 543, 545, 606 P.2d 33, 35 (App.1979) (citation omitted). Objections concerning subject-matter jurisdiction can be raised for the first time on appeal. *Id.*

¶7 In the instant case, defendant was charged in count I with aggravated assault under A.R.S. section 13–1203(A)(2) and in count II with aggravated assault under A.R.S. section 13–1203(A)(1), but was convicted of disorderly conduct in each count. These convictions can be valid only if either (1) disorderly conduct is a lesser-included offense of aggravated assault as charged or (2) if defendant consented to the amendment

of the charges. *See Sanders* at 290–91, 564 P.2d at 1257–58.

¶8 Each party cites *State v. Angle*, 149 Ariz. 499, 507, 720 P.2d 100, 108 (App. 1985) (Kleinschmidt, J., dissenting), *adopted by* 149 Ariz. 478, 720 P.2d 79 (1986), for support. *Angle* considered disorderly conduct as a lesser-included offense of aggravated assault under A.R.S. section 13–1203(A)(2). The test to determine whether an offense is lesser-included was set forth in *Angle:* "if the lesser offense is composed of some but not all of the elements of the greater crime so that it is impossible to commit the greater, without committing the lesser offense." *Id.* at 507, 720 P.2d at 108.

¶9 To commit disorderly conduct, a person must intend to disturb a person or group. *See* A.R.S. § 13–2904(A). To commit aggravated assault under A.R.S. section 13–1203(A)(2), a person must intentionally place another person in reasonable apprehension of immediate physical injury. In *Angle*, Judge Kleinschmidt reasoned, and our supreme court agreed, that a person cannot intentionally place a person in reasonable apprehension of immediate physical injury without also intending to disturb him or her. 149 Ariz. at 508, 720 P.2d at 109. As such, disorderly conduct is a lesser-included offense of aggravated assault under A.R.S. section 13–1203(A)(2), as charged in count I.

¶10 But defendant was charged in count II with aggravated assault under A.R.S. section 13–1203(A)(1): "intentionally, knowingly, *or recklessly* causing any physical injury to another person." (Emphasis added.) A person is guilty of aggravated assault under subsection (A)(1) if he or she recklessly causes physical injury to another. In this circumstance, the defendant need not, and probably does not, intend to disturb the other person. Because intent to disturb is an essential element of disorderly conduct, a person can commit aggravated assault under subsection (A)(1) without committing disorderly conduct. As such, disorderly conduct is not a lesser-included offense of aggravated assault under A.R.S. section 13–1203(A)(1).

¶11 This analysis is supported by our supreme court's recent decision in *State v.*

*Schackart,* 190 Ariz. 238, 947 P.2d 315 (1997). The court considered whether a prior conviction for aggravated assault pursuant to subsection (A)(1) could constitute a prior conviction for a felony "involving the use or threat of violence on another person" as a statutory aggravating circumstance in a capital case. *Id.* at 246, 947 P.2d at 323; *see* A.R.S. § 13–703(F)(2), *amended by* A.R.S. § 13–703(F)(2)(Supp.1996). The court noted that the aggravating circumstance requires "intent to injure or abuse." 190 Ariz. at 246, 947 P.2d at 323. The court observed that aggravated assault pursuant to subsection (A)(1) can be committed by recklessly causing any physical injury and concluded that such a conviction was not sufficient to establish the aggravating circumstance because "the required mental state is lacking." The same rationale applies in the instant case. Although the victim is likely to be disturbed by a physical injury, the person who has recklessly committed the assault does not necessarily *intend* to disturb the victim, which is necessary to support disorderly conduct.

¶ 12 Because disorderly conduct is not a lesser-included offense of aggravated assault under A.R.S. section 13–1203(A)(1) as charged in count II, we conclude that the trial court lacked subject-matter jurisdiction to convict defendant of disorderly conduct in count II. The conviction and sentence in count II is vacated.[1]

*Failure to give justification instruction*

¶ 13 Defendant requested a defense of property instruction, which justifies the use of force "to the extent that a reasonable person would believe it necessary to prevent what a reasonable person would believe is an attempt or commission . . . of theft or criminal damage involving tangible movable property." A.R.S. § 13–408. This statute also notes, however, that use of *deadly* physical force is only justified to prevent crimes listed in A.R.S. sections 13–405, –406, and –411. These statutes authorize use or threat of deadly force to prevent certain enumerated crimes, none of which apply under the facts shown in the record. Certainly, pointing a gun at a person would be threat of deadly physical force. Because the record would not support a finding that any of the enumerated crimes were taking place, the threat of deadly force cannot be justified.[2] Therefore, the trial court did not err by refusing the justification instruction.

### Conclusion

¶ 14 We have also reviewed the remaining issues raised in defendant's pro per supplemental brief and find that none of them require further modification of the judgment. The conviction and sentence in count I is affirmed. The conviction and sentence for count II is vacated.

EHRLICH P.J., and GRANT, J., concur.

---

1. Because of our resolution of this case, defendant stands convicted of only one count and the double jeopardy issue on which we requested briefing is rendered moot.

2. The closest possible enumerated crime would be burglary, *see* A.R.S. § 13–1507, but the undisputed evidence indicates that Bertsch lawfully invited the persons into the house to help her move. As such, no burglary could have been taking place.