IN THE

# ARIZONA COURT OF APPEALS
## DIVISION TWO

———————————————

THE STATE OF ARIZONA,
*Appellant,*

*v.*

SHILOE DOMINIQUE ESPINOZA,
*Appellee.*

No. 2 CA-CR 2012-0358
Filed October 11, 2013

———————————————

Appeal from the Superior Court in Pima County
No. CR20102204002
The Honorable Richard D. Nichols, Judge

**AFFIRMED**

———————————————

COUNSEL

Barbara LaWall, Pima County Attorney
By Jacob R. Lines, Deputy County Attorney, Tucson
*Counsel for Appellant*

Lori J. Lefferts, Pima County Public Defender
By Rebecca A. McLean, Tucson
*Counsel for Appellee*

———————————————

**OPINION**

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Kelly and Judge Espinosa concurred.

———————————————

E C K E R S T R O M, Judge:

¶1 The state appeals from the trial court's order granting Shiloe Espinoza's motion to dismiss her aggravated robbery charge on double jeopardy grounds. For the following reasons, we affirm.

## Factual and Procedural Background

¶2 In 2010, Espinoza was charged with aggravated robbery. At trial, the jury was instructed that if they found her not guilty of aggravated robbery, or if they could not reach a verdict on aggravated robbery, they could consider theft of a means of transportation as a lesser-included offense.

¶3 During deliberation, the jury sent a note stating, "We may be hung on the first offense, how do we word that and move on to the lesser charge?" The judge responded, "Pursuant to the instructions, you may leave it blank and consider the lesser offense." The jury left the verdict form blank as to aggravated robbery and found Espinoza guilty of theft of a means of transportation.

¶4 Espinoza appealed her conviction, asserting that because theft of a means of transportation was not a proper lesser-included offense of aggravated robbery, she was improperly convicted of an offense not charged. We agreed and vacated the conviction and sentence. *State v. Espinoza*, No. 2 CA-CR 2011-0182, ¶ 1 (memorandum decision filed June 1, 2012).

¶5 After our mandate issued, Espinoza filed a motion to dismiss, asserting that trying her again for aggravated robbery would violate her right to protection from double jeopardy under the United States and Arizona Constitutions. The trial court granted this motion, essentially finding that the jury's guilty verdict for theft of a means of transportation served as an implied acquittal for aggravated robbery. The state now appeals. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 13-4032(1).

**Double Jeopardy**

¶6        Whether double jeopardy applies is a legal conclusion we review de novo. *Lemke v. Rayes*, 213 Ariz. 232, ¶ 10, 141 P.3d 407, 411 (App. 2006). The United States Constitution provides that a person may not be brought into jeopardy more than once for the same offense. U.S. Const. amend. V; *Benton v. Maryland*, 395 U.S. 784, 794 (1969).[1] That provision is based on the premise that "'the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity.'" *Benton*, 395 U.S. at 796, *quoting Green v. United States*, 355 U.S. 184, 187 (1957). "Jeopardy attaches as soon as the jury is impaneled and sworn," *McLaughlin v. Fahringer*, 150 Ariz. 274, 277, 723 P.2d 92, 95 (1986), and "[g]enerally, once jeopardy attaches the defendant may not be subject to a second trial for the same offense." *Jones v. Kiger*, 194 Ariz. 523, ¶ 7, 984 P.2d 1161, 1164 (App. 1999). Retrial is prohibited, however, "'only if there has been some event, such as an acquittal, which terminates the original jeopardy.'" *Lemke*, 213 Ariz. 232, ¶ 19, 141 P.3d at 414, *quoting Richardson v. United States*, 468 U.S. 317, 325 (1984). "When no terminating event has occurred, the jeopardy 'continues' unabated." *Id.*, *quoting Richardson*, 468 U.S. at 335. A mistrial due to a hung jury does not terminate jeopardy. *Id.*

¶7        The question presented here is whether jeopardy terminates when a jury is discharged without having returned a verdict and without a showing of "manifest necessity" for jeopardy to continue. We conclude that it does.

¶8        In *Green v. United States*, 355 U.S. 184 (1957), the Supreme Court addressed this very question. There, the jury was instructed that it could find the defendant guilty of either first-degree or second-degree murder. *Id.* at 185. The jury found the

---

[1]Because the state has not presented an appellate argument under our state constitution, we address the issue only under federal law. *See State v. Patterson*, 230 Ariz. 270, n.3, 283 P.3d 1, 4 n.3 (2012).

defendant guilty of second-degree murder but was silent as to first-degree murder. *Id.* at 186. After the defendant's conviction for second-degree murder was reversed, he was tried again for first-degree murder and raised the defense of double jeopardy. *Id.* The Court concluded, "[A] defendant is placed in jeopardy once he is put to trial before a jury so that if the jury is discharged without his consent he cannot be tried again." *Id.* at 188.

¶9 The Court also observed that jeopardy does not terminate when "'unforeseeable circumstances . . . such as the failure of a jury to agree on a verdict'" make completion of a trial impossible. *Id.*, *quoting Wade v. Hunter*, 336 U.S. 684, 689 (1949). As our supreme court has explained, when a mistrial is granted because the jury has reached an impasse, "a defendant's right to have a particular jury decide his fate becomes 'subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury.'" *Gusler v. Wilkinson*, 199 Ariz. 391, ¶ 18, 18 P.3d 702, 705 (2001), *quoting Arizona v. Washington*, 434 U.S. 497, 505 (1978). However, given the defendant's countervailing right to be free from multiple prosecutions, the state bears a heavy burden in establishing that there was a "'manifest necessity'" for jeopardy to continue. *Id.*, *quoting Washington*, 434 U.S. at 505. For this reason, jeopardy cannot continue due to a hung jury absent a "'high degree'" of necessity—something which cannot be shown unless the record reflects that the jury is "genuinely deadlocked." *Washington*, 434 U.S. at 506, 509; *see also Gusler*, 199 Ariz. 391, ¶ 18, 18 P.3d at 705 (requiring "true deadlock" to demonstrate manifest necessity for mistrial).

¶10 Our supreme court has indicated that a jury's mere statement that it has been unable to reach a verdict after persistent deliberations—and after proceeding to consider a lesser offense in the context of a *LeBlanc*[2] instruction—does not, without further inquiry by the court, demonstrate a true deadlock. *Gusler*, 199 Ariz. 391, ¶¶ 18-23, 18 P.3d at 705-06; *cf. Brazzel v. Washington*, 491 F.3d 976, 984 (9th Cir. 2007) ("Genuine deadlock is fundamentally different from a situation in which jurors are instructed that if they

---

[2]*State v. LeBlanc*, 186 Ariz. 437, 924 P.2d 441 (1996).

'cannot agree,' they may compromise by convicting of a lesser alternative crime . . . .").  Assuming the jurors followed the court's instructions, *State v. Newell*, 212 Ariz. 389, ¶ 69, 132 P.3d 833, 847 (2006), the jury's silence as to the aggravated robbery count, coupled with its conviction on theft of a means of transportation, demonstrates, at most, that the jury could not reach agreement on the greater charge after a "full and careful consideration of the evidence" and "reasonable efforts" at deliberation.  *LeBlanc*, 186 Ariz. at 438, 924 P.2d at 442.  "Reasonable efforts" is not the equivalent of "genuine deadlock."

**¶11**		Nor does the specific content of the jury note here demonstrate that the jury was truly deadlocked.  As our supreme court observed in *Gusler*, jury notes are not the equivalent of final verdicts, 199 Ariz. 391, ¶ 12, 18 P.3d at 704, and nothing prevents jurors from spontaneously returning to deliberations on the greater offense after a court has advised them that they may consider the lesser, *Blueford v. Arkansas*, ___ U.S. ___, ___, 132 S. Ct. 2044, 2051 (2012).  Moreover, the actual language of the jury's note indicating that it "may be hung" does not unambiguously convey that the jury could not, with further deliberations, achieve a final verdict.

**¶12**		We recognize that when a jury is instructed pursuant to *LeBlanc*, it may be impossible for the state to develop a record showing a genuine deadlock as to a greater charge when a jury convicts on a lesser charge.  Before a verdict is returned, a prosecutor has no basis for seeking a mistrial, *see* Ariz. R. Crim. P. 22.4 and 22.5, and after a verdict is returned, it is procedurally inappropriate, *see* Ariz. R. Crim. P. 24.1.  The record will therefore never reflect anything more than that the jury was unable to reach a verdict after "reasonable efforts."

**¶13**		This problem, however, inherent in the *LeBlanc* instruction, is only likely to create a double jeopardy problem in this peculiar scenario where the jury returned a conviction on an invalid lesser-included offense.  In the ordinary situation where the verdict form includes a proper lesser offense, if the jury leaves the form blank as to the greater offense and convicts on the lesser, and the conviction on the lesser is reversed based on trial error, retrial on the lesser will not be barred.  *See, e.g.*, *Peak v. Acuña*, 203 Ariz. 83, ¶ 9, 50

P.3d 833, 835 (2002).[3]  Our holding is therefore limited to this peculiar and rare situation where the defendant has been convicted of an improper lesser requested by the state.[4]

**¶14**        Finally, the state asserts that because of the rule announced in *LeBlanc*, 186 Ariz. at 438, 924 P.2d at 442, whereby a jury need not acquit a defendant of a charged offense before considering a lesser-included offense, the jury here did not impliedly acquit Espinoza of armed robbery when it reached a verdict on the "lesser" charge.  Although we agree that the record before us does not demonstrate that the jury intended to acquit Espinoza on the aggravated robbery charge, whether she was impliedly acquitted is immaterial.  As the Supreme Court stated in *Green*, "[T]he result [that double jeopardy has been implicated] . . . need not rest alone on the assumption . . . that the jury for one reason or another acquitted [the defendant] . . . ."  355 U.S. at 190-91.  Because the jury was dismissed without returning a verdict, without the defendant's consent, and without the state demonstrating

---

[3]If the jury leaves the verdict form blank as to the greater and acquits as to the lesser, the jury has necessarily acquitted the defendant of the greater.  *See Peak*, 203 Ariz. 83, ¶ 5, 50 P.3d at 834 ("A lesser-included offense is one that contains all but one of the elements of the greater offense.  Logically, therefore, if one has not committed the lesser offense, one cannot have committed the greater.").  If the jury declares that it is unable to reach a verdict as to both the greater and the lesser, an *Allen* charge may be given, *State v. Dunlap*, 187 Ariz. 441, 464, 930 P.2d 518, 541 (App. 1996), or the judge may "inquire of the jurors to determine whether and how court and counsel can assist them in their deliberative process."  Ariz. R. Crim. P. 22.4.  If the jury was still unable to reach a verdict, the record would then reflect a "genuine deadlock," and the state would be able to retry the defendant.

[4]We note, without deciding, that if the improper lesser had been requested by the defendant rather than the state, it would likely constitute invited error, and the conviction would not be reversed.  *See State v. Logan*, 200 Ariz. 564, ¶ 9, 30 P.3d 631, 632-33 (2001) ("[W]e will not find reversible error when the party complaining of it invited the error.").

"manifest necessity" for jeopardy to continue, *Washington*, 434 U.S. at 505, jeopardy terminated as to the aggravated robbery charge, and Espinoza cannot be retried for that offense. *See Green*, 355 U.S. at 191.[5]

¶15      Our analysis is not altered by the fact that theft of a means of transportation was incorrectly identified as a lesser-included offense of aggravated robbery. In *Green*, the defendant was tried for first-degree felony murder and convicted of second-degree murder. 355 U.S. at 185-86. There, the government contended that, because second-degree murder was not a proper lesser-included offense of felony murder, the defendant had not been impliedly acquitted of the greater charge. *Id.* at 194 n.14. The Court disagreed and stated, "It is immaterial [to the double jeopardy analysis] whether second degree murder is a lesser offense included in a charge of felony murder or not." *Id.* A similar conclusion has been reached by several circuit courts in analogous situations. *See, e.g.*, *Livingston v. Murdaugh*, 183 F.3d 300, 301-02 (4th Cir. 1999) (where jury was erroneously instructed it could convict defendant of either reckless homicide or felony DUI, and jury convicted on felony DUI but remained silent as to reckless homicide, defendant could not be retried for reckless homicide); *Adams v. Murphy*, 653 F.2d 224, 225 (5th Cir. 1981) (defendant charged with perjury and convicted of attempted perjury could not be retried for perjury after conviction vacated because crime of attempted perjury does not exist).

¶16      In sum, the state has not met its burden of demonstrating that the jury was truly deadlocked. In the absence of that showing, the state has not demonstrated that a manifest necessity existed for continuing Espinoza's jeopardy as to the aggravated robbery charge beyond the first trial.

---

[5] In *Lemke*, while considering a related issue, we assumed arguendo that a jury's conviction on a lesser-included offense continued to bar retrial for the greater offense, notwithstanding the *LeBlanc* rule change. *Lemke*, 213 Ariz. 232, ¶ 15, 141 P.3d at 413. We then observed that "[a] contrary holding would raise significant questions regarding whether a defendant convicted of a lesser-included offense in Arizona under the *LeBlanc* instruction is constitutionally protected from retrial on the greater offense." *Id.*

**Disposition**

**¶17**      For the foregoing reasons, the trial court's order granting Espinoza's motion to dismiss is affirmed.