IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESUS BLAS GARCIA, *Appellant.*

No. 1 CA-CR 13-0434

FILED 09-30-2014

Appeal from the Superior Court in Maricopa County
No. CR2012-135189-001
The Honorable Karen L. O'Connor, Judge

**AFFIRMED AS MODIFIED IN PART AND VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

**OPINION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Patricia K. Norris and Judge Kent E. Cattani joined.

**T H U M M A**, Judge:

¶1        Defendant Jesus Blas Garcia challenges his theft of means of transportation conviction and resulting sentence. Garcia argues that because he was convicted of armed robbery based on the same conduct, his theft of means of transportation conviction violates his double jeopardy rights. Based on Arizona Supreme Court precedent construing similar offenses, and because the charges arise out of the same conduct, Garcia's theft of means of transportation conviction and resulting sentence are vacated.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        In March 2011, Garcia robbed a shopkeeper at gunpoint. Garcia then ran outside and, while still brandishing the gun, ordered a man in the parking lot to give him the keys to his truck. When the man refused, Garcia shot and killed him and drove away in the truck.

¶3        A jury convicted Garcia of first-degree murder, armed robbery of the shopkeeper, armed robbery of the man with the truck, theft of means of transportation and misconduct involving weapons. Garcia was sentenced to concurrent prison terms, the longest of which is life in prison, and ordered to pay restitution. This court has jurisdiction over Garcia's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4033(A) (2014).[2]

## DISCUSSION

¶4        Claiming his convictions are based on the same conduct, Garcia argues that his theft of means of transportation conviction (a Class 3 dangerous felony) is a lesser-included offense of his conviction for armed robbery of the man with the truck (a Class 2 dangerous felony), meaning his conviction and resulting sentence for theft of means of transportation

---

[1] This court views the facts in the light most favorable to sustaining the jury's verdicts, resolving all inferences against Garcia. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

[2] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

violate double jeopardy.[3] More specifically, Garcia argues that "when the property being taken is a vehicle, a person cannot commit" armed robbery without also committing theft of means of transportation. This court reviews de novo whether a double jeopardy violation has occurred, *State v. Braidick*, 231 Ariz. 357, 359 ¶ 6, 295 P.3d 455, 457 (App. 2013), and whether an offense is a lesser-included offense, *see State v. Cheramie*, 218 Ariz. 447, 448 ¶ 8, 189 P.3d 374, 375 (2008). Because Garcia did not raise this argument with the superior court, the review on appeal is for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567 ¶¶ 19–20, 115 P.3d 601, 607 (2005); Ariz. R. Crim. P. 21.3(c) cmt. "Accordingly, [Garcia] 'bears the burden to establish that "(1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice."'" *State v. James*, 231 Ariz. 490, 493 ¶ 11, 297 P.3d 182, 185 (App. 2013) (citations omitted).

¶5 The Double Jeopardy Clauses of the United States and Arizona Constitutions protect criminal defendants from multiple prosecutions and punishments for the same offense. *See* U.S. Const. amend. V; Ariz. Const. art. 2, § 10; *see also State v. Eagle*, 196 Ariz. 188, 190 ¶ 5, 994 P.2d 395, 397 (2000) (federal and Arizona Double Jeopardy Clauses generally provide same protections). Because greater and lesser-included offenses are considered the "same offense," the Double Jeopardy Clauses forbid the imposition of a separate punishment for a lesser offense when a defendant has been convicted and sentenced for the greater offense. *See Illinois v. Vitale*, 447 U.S. 410, 421 (1980); *State v. Chabolla-Hinojosa*, 192 Ariz. 360, 362–63 ¶¶ 10–13, 965 P.2d 94, 96–97 (App. 1998).

¶6 To constitute a lesser-included offense, the crime must be "'composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one.'" *Chabolla-Hinojosa*, 192 Ariz. at 363 ¶ 11, 965 P.2d at 97 (quoting *State v. Woods*, 168 Ariz. 543, 544, 815 P.2d 912, 913 (App. 1991)). Stated differently, the greater offense must require each element of the lesser offense plus one or more additional elements not required by the lesser offense. *See State v. Tschilar*, 200 Ariz. 427, 436 ¶ 39, 27 P.3d 331, 340

---

[3] Although Garcia also argues impermissible double punishment because possession of the truck was incidental to taking the truck, Garcia received concurrent sentences for armed robbery of the man with the truck and theft of means of transportation, meaning this argument is not well taken. *See* A.R.S. § 13-116.

(App. 2001); *State v. Foster*, 191 Ariz. 355, 357 ¶ 6, 955 P.2d 993, 995 (App. 1998).

¶7        Resolving a lesser-included offense argument involves (1) identifying the elements of both offenses; and (2) determining whether the alleged lesser-included offense is a subset of the alleged greater offense, such that commission of the greater offense constitutes commission of the lesser offense. *See Tschilar*, 200 Ariz. at 435 ¶ 39, 27 P.3d at 340; *Foster*, 191 Ariz. at 357, 955 P.2d at 995. This typically requires a close analysis of the elements of the two relevant offenses. *See Carter v. United States*, 530 U.S. 255, 260–61 (2000). Here, however, the analysis is somewhat different because the Arizona Supreme Court has held that:

> (1)   robbery is a lesser-included offense of armed robbery, *see State v. Henry*, 176 Ariz. 569, 582, 863 P.2d 861, 874 (1993); *see also State v. Scott*, 187 Ariz. 474, 476, 930 P.2d 551, 553 (App. 1996);
>
> (2)   theft is a lesser-included offense of robbery, *see State v. Wall*, 212 Ariz. 1, 3–4 ¶ 15, 126 P.3d 148, 150–51 (2006); *State v. McNair*, 141 Ariz. 475, 482, 687 P.2d 1230, 1237 (1984); *State v. Celaya*, 135 Ariz. 248, 252, 660 P.2d 849, 853 (1983); *State v. Dugan*, 125 Ariz. 194, 195, 608 P.2d 771, 772 (1980); *see also State v. Yarbrough*, 131 Ariz. 70, 72–73, 638 P.2d 737, 739–40 (App. 1981) ("theft is always a lesser included offense of robbery"); and
>
> (3)   theft is a lesser-included offense of armed robbery, *see State v. Kinkade*, 147 Ariz. 250, 253, 709 P.2d 884, 887 (1985); *McNair*, 141 Ariz. at 482, 687 P.2d at 1237.

Given this precedent, the focus here is on the elements of theft and theft of means of transportation.

¶8        "Arizona courts have repeatedly held that theft as defined in A.R.S. § 13-1802 is a single unified offense," meaning that the subsections in that statute do not refer to separate crimes but, instead, describe different ways to commit the same single offense. *State v. Cotten*, 228 Ariz. 105, 107 ¶ 5, 263 P.3d 654, 656 (App. 2011) (citations omitted). Similarly, the parties agree that theft of means of transportation is a single unified offense,

meaning the subsections in A.R.S. § 13-1814(A) do not refer to separate crimes but, instead, describe different ways to commit the same single offense. Accordingly, as applicable here, a person commits theft by (1) "without lawful authority," (2) "knowingly . . . [c]ontrol[ling] property of another" (3) "with the intent to deprive the other person of such property." *See* A.R.S. § 13-1802(A)(1). Similarly, and as briefed by the parties, a person commits theft of means of transportation by (1) "without lawful authority," (2) "knowingly . . . [c]ontrol[ling] another person's means of transportation" (3) "with the intent to permanently deprive the [other] person of the means of transportation." *See* A.R.S. § 13-1814(A)(1). From this comparison, theft of means of transportation clearly is a form of theft. *See also* A.R.S. Title 13 Chapter 18 ("Theft") (A.R.S. §§ 13-1801 to -1820). Accordingly, theft of means of transportation, like theft, is a lesser-included offense of armed robbery.

¶9　　　　The State argues that theft of means of transportation is not a lesser-included offense of armed robbery because theft of means of transportation "includes two statutory elements which are not elements of armed robbery — the property taken must be a 'means of transportation,' and the defendant must possess 'the intent to permanently deprive the person of the means of transportation.'"[4]

¶10　　　　The essence of the State's first argument is that a "means of transportation" is not "property." "Property," however, is defined as any "thing of value, tangible or intangible, including trade secrets." A.R.S. § 13-1801(A)(12); *see also* A.R.S. § 13-105(37) (similar). There is no suggestion in this broad definition that "property" does not include a means of transportation. "Property of another" is defined as including "property in which any person other than the defendant has an interest on which the defendant is not privileged to infringe." A.R.S. § 13-1801(A)(13). Again,

---

[4] The State notes *State v. Espinoza*, 233 Ariz. 176, 310 P.3d 54 (App. 2013) said theft of means of transportation is not a lesser-included offense of aggravated robbery. In doing so, *Espinoza* referenced an unpublished decision in a prior appeal in that same case. *Id.* at 176 ¶ 4, 310 P.3d at 55. The issue *Espinoza* decided was whether the defendant, whose theft of means of transportation conviction had been vacated in the prior appeal, could be retried for the original aggravated robbery charge where the State had "not met its burden of demonstrating that the jury was truly deadlocked" on the original charge. Id. at 178 ¶¶ 2, 4, 181 ¶ 16, 310 P.3d at 54, 57. Accordingly, *Espinoza* decided an issue different than, and unrelated to, the lesser-included offense issue Garcia raises here.

there is no suggestion that "property of another" is intended to exclude a means of transportation, which "means any vehicle." A.R.S. § 13-1801(A)(9); *see also* A.R.S. § 13-105(41) (defining "vehicle"). Along with these broad definitions, other cases have necessarily found that a means of transportation is property by holding, on their facts, that unlawful use of means of transportation is a lesser-included offense of theft. *See, e.g., State v. Griest*, 196 Ariz. 213, 214–15 ¶¶ 4–6, 994 P.2d 1028, 1029–30 (App. 2000); *State v. Kamai*, 184 Ariz. 620, 622–24, 911 P.2d 626, 628–30 (App. 1995). Accordingly, this court rejects the State's first argument.

¶11         Turning to the State's second argument, there is no published Arizona case supporting the proposition that an intent to deprive (required for theft of means of transportation) is not required for armed robbery. To the contrary, as noted, the Arizona Supreme Court has held that theft (which requires an intent to deprive, *see* A.R.S. § 13-1802(A)(1)), is a lesser-included offense of armed robbery, even though the armed robbery statute does not expressly include a similar intent, *see* A.R.S. §§ 13-1902(A), -1904(A). Given (1) Arizona Supreme Court precedent holding that robbery is a lesser-included offense of armed robbery and that theft is a lesser-included offense of robbery and armed robbery; (2) the statutory similarities between theft and theft of means of transportation and (3) that the charges in this case arise out of the same conduct, this court concludes that theft of means of transportation is a lesser-included offense of armed robbery.[5] Accordingly, Garcia's conviction and resulting sentence for theft of means of transportation are vacated. *See, e.g., Chabolla-Hinojosa*, 192 Ariz. at 365 ¶ 21, 965 P.2d at 99.

¶12         Finally, based on the nature of the offenses and his prior criminal history, Garcia was sentenced to "25 years to life" for his armed robbery convictions. As the State notes, the applicable sentence under A.R.S. § 13-706(A) is life imprisonment without the possibility of release for

---

[5] The intent for theft of means of transportation is "to permanently deprive," A.R.S. § 13-1814(A)(1), while the intent for theft is "to deprive," A.R.S. § 13-1802(A)(1). *See also* A.R.S. § 13-1801(A)(4) (defining "Deprive"); *State v. Breed*, 230 Ariz. 462, 463 n.1 ¶ 5, 286 P.3d 806, 807 (App. 2012) (noting "without the intent to permanently deprive" in unlawful use of means of transportation statute, A.R.S. § 13-1803(A)(1), is not an element of that offense and "simply . . 'distinguish[es] unlawful use from auto theft'") (quoting *Kamai*, 184 Ariz. at 622, 911 P.2d at 628). In this case, however, the State has not argued that these textual formulations create an analytical difference — an issue this court need not address and does not resolve here.

25 years. Accordingly, pursuant to A.R.S. § 13-4037(A), this court modifies Garcia's sentences for his two armed robbery convictions (Counts 2 and 3) to reflect the appropriate prison terms. The superior court also ordered Garcia to "pay the applicable fee for the cost of" his DNA testing. In *State v. Reyes*, 232 Ariz. 468, 472 ¶ 14, 307 P.3d 35, 39 (App.2013), this court held that A.R.S. § 13–610 does not authorize the court to impose a DNA testing fee on a convicted defendant. Accordingly, pursuant to *Reyes*, which was issued after Garcia was sentenced, his sentence is further modified to vacate the requirement that Garcia pay for the cost of DNA testing.

## CONCLUSION

**¶13** Garcia's theft of means of transportation conviction and resulting sentence are vacated. Garcia's sentences on Counts 2 and 3 are modified to life in prison without the possibility of release for 25 years, and the requirement that Garcia pay for the cost of his DNA testing is vacated. In all other respects, Garcia's convictions and sentences are affirmed.



**Ruth A. Willingham** · Clerk of the Court
F I L E D : gsh