IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

STATE OF ARIZONA, *Appellee*,

*v.*

FLORENTINO JOSUE MILLAN ERIVEZ, *Appellant*.

No. 1 CA-CR 13-0858

FILED 1-13-2015

———————————————

Appeal from the Superior Court in Maricopa County
No. CR2012-165742-001
The Honorable Pamela S. Gates, Judge

**AFFIRMED AS MODIFIED**

———————————————

COUNSEL

Arizona Attorney General's Office, Phoenix
By Terry M. Crist
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kathryn L. Petroff
*Counsel for Appellant*

_____

**OPINION**

_____

Judge Andrew W. Gould delivered the opinion of the Court, in which Presiding Judge Margaret H. Downie and Judge Samuel A. Thumma joined.

_____

**G O U L D**, Judge:

¶1        This opinion answers the question of whether a defendant can be convicted of multiple independent lesser-included offenses of a greater charged offense.

### FACTS AND PROCEDURAL BACKGROUND

¶2        On the night of December 30, 2012, Florentino Josue Millan Erivez ("Erivez") and his co-defendants, Federico Rodriguez and Alfonso Quiroz Villalobos, forced their way into the home of victim Martha B. The defendants allegedly entered the home because they were bail recovery agents searching for a fugitive. In response, Martha and her children ran out the back door and tried to escape by climbing over the fence.

¶3        Based on the testimony at trial, either Erivez or Rodriguez confronted Martha and her children with a gun as they were climbing over the fence. Erivez or Rodriguez then directed the victims back inside the house.

¶4        The defendants confined the victims in the living room while they purportedly searched the house for the fugitive. At one point, Villalobos entered the living room, where the victims were being restrained, while holding a shotgun.

¶5        The police arrived shortly after the defendants entered the victims' home. Rodriguez advised the police that he recruited Erivez and Villalobos to assist him in searching for a fugitive in the home. Rodriguez later testified at trial that he gave Erivez a gun on the way to the victims' house.

¶6        Erivez, Rodriguez, and Villalobos were jointly charged in one indictment. Erivez was charged with several offenses, including count six, which alleged that he or an accomplice committed aggravated

assault by "intentionally plac[ing] [victim Martha B.] . . . in reasonable apprehension of imminent physical injury . . . using a deadly weapon or dangerous instrument" in violation of Arizona Revised Statutes ("A.R.S.") sections 13-1203(A)(2) and 13-1204(A)(2) (2014).[1] *See* A.R.S. § 13-303(A)(3) (stating that an "accomplice" is accountable for the criminal acts of another).

¶7        The case proceeded to trial, and at the close of the evidence, the court reviewed the final jury instructions with counsel.  The court proposed the following lesser-included offense instruction as to count six:

> The crime of Aggravated Assault includes the lesser offenses of Disorderly Conduct and Assault. You may consider the lesser offense of Disorderly Conduct and/or Assault if either:
>
> 1. You find the Defendant not guilty of Aggravated Assault; *or*
>
> 2. After full and careful consideration of the facts you cannot agree on whether to find the Defendant guilty or not guilty of Aggravated Assault.

¶8        Erivez's attorney did not object to the proposed jury instruction.  Rather, he agreed that disorderly conduct and assault were both lesser-included offenses of aggravated assault, and that the jury should be given instructions regarding both lesser-included offenses.

¶9        The court read the proposed instruction to the jury, and provided the jury with three verdict forms:

> We, the jury, duly empanelled and sworn, upon our oaths, do find [Erivez], on the charge of Aggravated Assault (Martha [B.]) as follows (check only one):
>
> ___ Not Guilty
>
> ___ Guilty
>
> ___ Cannot Agree

[1]        We cite the current version of the applicable statutes, unless material revisions have since occurred.

To Be Completed only if Not Guilty or Cannot Agree on the offense of Count 6: Aggravated Assault (Martha [B.]).

We, the jury, duly empanelled and sworn, upon our oaths, do find [Erivez], on the lesser included charge of Assault (Martha [B.]) as follows (check only one):

___ Not Guilty

___ Guilty

To Be Completed only if Not Guilty or Cannot Agree on the offense of Count 6: Aggravated Assault (Martha [B.]).

We, the jury, duly empanelled and sworn, upon our oaths, do find [Erivez], on the lesser included charge of Disorderly Conduct (Martha [B.]) as follows (check only one):

___ Not Guilty

___ Guilty

¶10 Based on these verdict forms, the jury found Erivez "not guilty" of aggravated assault, but determined he was "guilty" of both disorderly conduct and assault as lesser-included offenses.

¶11 At sentencing, the court determined that based on the jury verdicts, Erivez was guilty of both disorderly conduct and assault. The State moved to have Erivez sentenced only on the disorderly conduct conviction. Erivez did not object, and, as to count six, the court sentenced Erivez on the lesser-included offense of disorderly conduct. Erivez timely appealed.

## DISCUSSION

¶12 Erivez argues the court erred by instructing the jury on both assault and disorderly conduct as independent, lesser-included offenses of aggravated assault. Erivez contends "[t]he jury should have been instructed to consider the (felony) disorderly conduct lesser first and, if it could not decide unanimously on that charge, to consider the (misdemeanor) assault lesser."

¶13 Erivez did not object to the verdicts or jury instructions at trial, and therefore our review is limited to fundamental error review.

4

Ariz. R. Crim. P. 21.3(c); *State v. Miller*, 234 Ariz. 31, 43, ¶ 45, 316 P.3d 1219, 1231 (2013). "To prevail under this standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20, 115 P.3d 601, 607 (2005).

¶14         A lesser-included offense is "one composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the [greater] crime charged without having committed the lesser one." *State v. Chabolla-Hinojosa*, 192 Ariz. 360, 363, ¶ 11, 965 P.2d 94, 97 (1998) (citation omitted); *see State v. Garcia*, 235 Ariz. 627, 629-30, ¶ 6, 334 P.3d 1286, 1288-89 (App. 2014). "[A]n offense is 'necessarily included,' and so requires that a jury instruction be given, only when it is lesser included *and* the evidence is sufficient to support giving the instruction." *State v. Wall*, 212 Ariz. 1, 3, ¶ 14, 126 P.3d 148, 150 (2006). A "jury may deliberate on a lesser offense if it either (1) finds the defendant not guilty on the greater charge, or (2) after reasonable efforts cannot agree whether to acquit or convict on that charge." *State v. LeBlanc*, 186 Ariz. 437, 438, 924 P.2d 441, 442 (1996).

¶15         Disorderly conduct by recklessly displaying or handling a firearm is a lesser-included offense of aggravated assault as charged in this case. *State v. Miranda*, 200 Ariz. 67, 68, ¶ 3, 22 P.3d 506, 507 (2001); *State v. Angle*, 149 Ariz. 478, 479, 720 P.2d 79, 80 (1986); *State v. Foster*, 191 Ariz. 355, 357, ¶ 9, 955 P.2d 993, 995 (App. 1998). In addition, assault was a lesser-included offense of aggravated assault because, based on the evidence, the jury in this case could have determined that the distinguishing element between assault and aggravated assault, the use or threatened use of a deadly weapon, was not present. A.R.S. § 13-1204(A)(2) (as applicable here, a person commits aggravated assault if he "commits assault as prescribed by § 13-1203" and the additional element of using a deadly weapon is proven); *see State v. Jansing*, 186 Ariz. 63, 68, 918 P.2d 1081, 1086 (App. 1996), *overruled on other grounds*, *State v. Bass*, 198 Ariz. 571, 576, ¶ 12, 12 P.3d 796, 801 (2000).

¶16         We conclude the court properly instructed the jury on both disorderly conduct and assault as lesser-included offenses in this case. The evidence showed that Erivez, or his accomplice Rodriguez, displayed a gun in the presence of victim Martha B. The only disputed issue was whether in so doing Erivez or Rodriguez intended to place the victim in "reasonable apprehension of imminent physical injury" or merely to "disturb" or frighten her. *See State v. Angle*, 149 Ariz. 499, 508-09, 720 P.2d 100, 109-10 (App. 1985) (Kleinschmidt, J., dissenting), *adopted by*, 149 Ariz.

478, 720 P.2d 79 (1986). That disputed issue was one for the jury to resolve based upon its interpretation of the evidence and its evaluation of the witnesses' testimony. *See State v. Clemons*, 110 Ariz. 555, 556-57, 521 P.2d 987, 988-89 (1974) (holding "the credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury").

¶17        Although disorderly conduct and assault are lesser-included offenses of the aggravated assault charge in this case, neither offense is a lesser-included offense of the other. Disorderly conduct is not a lesser-included offense of assault because it requires the reckless display/handling of a firearm, an additional element not required for assault. A.R.S. § 13-2904(A)(6); A.R.S. § 13-1203(A)(2); *see Garcia*, 235 Ariz. at 629-30, ¶ 6, 334 P.3d at 1288-89 (stating "the greater offense must require each element of the lesser offense plus one or more additional elements not required by the lesser offense").

¶18        Additionally, assault is not a lesser-included offense of disorderly conduct. Erivez may have committed disorderly conduct by intending to "disturb the peace or quiet" of the victim. However, such conduct does not necessarily rise to the level of placing the victim in reasonable apprehension of immediate physical injury, the conduct required for an assault. Thus, under the facts of this case, it was possible for Erivez to commit disorderly conduct without committing assault. *Chabolla-Hinojosa*, 192 Ariz. at 363, ¶ 11, 965 P.2d at 97.

¶19        Because disorderly conduct and assault are independent lesser-included offenses, and assault is not a lesser-included offense of disorderly conduct, the jury was not required to consider the charge of disorderly conduct before it could consider assault. *See United States v. Lacy*, 446 F.3d 448, 450, 452 (3rd Cir. 2006) (jury may convict for more than one lesser-included offense arising out of a single charge); *People v. Eid*, 59 Cal. 4th 650, 657-58, 328 P.3d 69, 74 (2014) (holding that court properly instructed jury on two independent lesser-included offenses).

¶20        Erivez also argues that his due process rights were violated because he was not given notice that he could be convicted of two lesser-included offenses arising from one count. We disagree.

¶21        Jury verdict forms "shall be submitted to the jury for all offenses necessarily included in the offense charged." Ariz. R. Crim. P. 23.3. Additionally, Rule 13.2(c) provides "[s]pecification of an offense in an indictment, information, or complaint shall constitute a charge of that

offense and of all offenses necessarily included therein." Ariz. R. Crim. P. 13.2(c). As a result, a "defendant is on notice from the beginning of the proceedings against him that the jury may be asked to consider any lesser-included offenses supported by the trial evidence." *State v. Gipson*, 229 Ariz. 484, 486-87, ¶ 14, 277 P.3d 189, 191-92 (2012).

**¶22** Finally, Erivez contends the court erred by disregarding the assault conviction and sentencing him solely on the disorderly conduct conviction.

**¶23** Erivez was originally charged in count six with one count of aggravated assault; however, the jury ultimately convicted Erivez of two independent lesser-included offenses as to this count. As a result, the State requested the court to sentence Erivez on only one offense, disorderly conduct, and, by implication, dismiss the assault conviction. Erivez did not object, and the court sentenced Erivez only for disorderly conduct. Based on these facts, we discern no error in the trial court disregarding the misdemeanor assault conviction and sentencing Erivez on the more serious felony offense of disorderly conduct. *Cf. State v. Brown*, 191 Ariz. 102, 103, 952 P.2d 746, 747 (App. 1997) (holding there was no fundamental error where jury returned guilty verdicts on both the greater and lesser-included offenses and trial court vacated the verdict on lesser-included offense).

**¶24** However, the trial court failed to expressly dismiss Erivez's conviction for assault, which is now surplusage. We therefore exercise our discretion and vacate the assault conviction. *Cf. State v. Powers*, 200 Ariz. 123, 127, ¶ 16, 23 P.3d 668, 672 (App. 2001) (where defendant was charged and convicted of same offense twice, and convictions were therefore multiplicitous, court of appeals properly vacated one of defendant's convictions).

**CONCLUSION**

¶25      For the foregoing reasons, we affirm Erivez's conviction and sentence as modified. Erivez's conviction and sentence for disorderly conduct, a lesser included offense of count six, is affirmed. However, Erivez's conviction for assault, a lesser included offense of count six, is vacated.



Ruth A. Willingham · Clerk of the Court
FILED: ama