BEENE, Judge:
¶ 1 Philip John Martin ("Martin") was tried for first-degree murder in 2012, but the jury, after marking on the verdict form it was "Unable to agree" on first-degree murder, convicted him of the lesser-included offense of second-degree murder. Following a successful appeal, Martin was retried and convicted of first-degree murder. Martin appeals that conviction and resulting sentence, *444 arguing double jeopardy barred his second trial for first-degree murder because the first jury's inability to agree on first-degree murder constituted an implied acquittal.
¶ 2 We hold that double jeopardy did not bar Martin's second trial for first-degree murder. The first jury clearly and formally stated it was unable to agree on the greater charge of first-degree murder after it was instructed that it could proceed to consider the lesser charge if after reasonable efforts it was unable to unanimously agree on first-degree murder. This constituted a genuine deadlock permitting retrial on first-degree murder, rather than an implied acquittal barring retrial. Accordingly, we affirm Martin's conviction and sentence for first-degree murder.
FACTS AND PROCEDURAL HISTORY
¶ 3 On appeal after the first trial, we held that the superior court had erred in refusing to give a crime prevention instruction, reversed Martin's conviction for second-degree murder, and remanded for a new trial. See State v. Martin , 1 CA-CR 13-0839, 2014 WL 7277831, *1, ¶ 1 (Ariz. App. Dec. 23, 2014) (mem. decision). Before the second trial, the superior court granted the State's motion to retry Martin for first-degree murder.
¶ 4 The evidence at trial, viewed in the light most favorable to supporting the conviction,[1] showed that Martin and the victim were neighbors on a dirt road in Golden Valley. Martin routinely placed railroad ties and other debris on the road in front of his driveway to cover ruts that developed after rainstorms. On the day of the incident, the victim and a friend came upon these impediments in the road. After removing a railroad tie, the victim told his friend he was "gonna go ask why he keeps throwing stuff across the road." As the victim walked toward Martin's house, the friend saw a muzzle blast from the front window of Martin's house and saw the victim fall to the ground. The victim died of shotgun wounds to his abdomen from a single shotgun blast.
¶ 5 Martin admitted to the first deputy sheriff to arrive that he shot the victim. He told a detective and later testified that he did so because the victim ignored his demands to get off his property and he believed the victim was armed and was coming toward him to harm him.
¶ 6 The jury convicted Martin of first-degree murder, and the court sentenced him to natural life. Martin filed a timely notice of appeal. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A).
DISCUSSION[2]
¶ 7 Martin argues double jeopardy barred the State from trying him for first-degree murder after he had been convicted in the first trial of second-degree murder. Specifically, Martin argues the jury's inability to agree on first-degree murder was an implied acquittal and not a genuine deadlock.
¶ 8 Before the second trial, the superior court ruled that Martin could be retried on first-degree murder because the jury had checked the box on the verdict form, "Unable to agree" on the offense of first-degree murder after it was instructed that it could find him guilty of the lesser crime "if all of you agree that the state has failed to prove the defendant guilty of the more serious crime beyond a reasonable doubt, or if after reasonable efforts you are unable to unanimously agree on the more serious crime, .... " The court reasoned:
Based on the jury instruction and based on the verdict form, the jury clearly indicated that they were deadlocked on the greater charge because they were unable to agree unanimously. Accordingly, there was not an implied acquittal of the greater charge and the court finds there was a genuine deadlock. Therefore, the Court finds that the State has demonstrated a manifest necessity *445 for continuing the defendant's jeopardy for First Degree Murder.
¶ 9 The Double Jeopardy Clauses in the United States and Arizona Constitutions, which are coextensive, prohibit: "(1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." Lemke v. Rayes , 213 Ariz. 232, 236, ¶ 10 and n.2, 141 P.3d 407, 411-12 and n.2 (App. 2006) ; U.S. Const. amend. V ; Ariz. Const. art. 2, § 10. Martin argues his retrial on first-degree murder violated the prohibition against a second prosecution for the same offense after acquittal. "We review de novo whether double jeopardy applies." Id. at 236, ¶ 10, 141 P.3d at 411-12.
¶ 10 The United States Supreme Court has held that when a jury convicts on a lesser-included offense but is silent on the greater offense, the defendant is considered to have been "impliedly acquitted" on the greater offense, thereby barring retrial. Green v. United States , 355 U.S. 184, 190-91, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957) ; Price v. Georgia , 398 U.S. 323, 328-29, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). The Supreme Court has also held, however, that double jeopardy does not bar retrial of charges on which a jury has been unable to agree. Richardson v. United States, 468 U.S. 317, 324-26, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984) ; cf. Sattazahn v. Pennsylvania, 537 U.S. 101, 104-05, 113-15, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003) (double jeopardy did not bar the state from seeking the death penalty on retrial after reversal of murder conviction and life sentence; neither the jury's deadlock on the penalty nor the resulting mandatory sentence of life imprisonment constituted an acquittal of the capital charge.). When a genuine deadlock exists, a defendant's right to have a particular jury decide his fate becomes "subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury." Arizona v. Washington, 434 U.S. 497, 505, 509, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).
¶ 11 The Supreme Court has not addressed the precise issue presented here. A number of other courts have held, however, that when the jury convicts on a lesser offense after stating on the record that it is unable to agree on the greater offense, double jeopardy presents no bar to retrial on the greater offense. See, e.g., United States v. Bordeaux, 121 F.3d 1187, 1192-93 (8th Cir. 1997) (following successful appeal of conviction on lesser-included offense, retrial on greater offense not barred where jury wrote on instruction, "[a]fter all reasonable efforts, we, the jury, were unable to reach a verdict on the charge" of the greater offense.); United States v. Williams , 449 F.3d 635, 645 (5th Cir. 2006) (double jeopardy did not bar retrial on greater offenses when jury convicted for lesser offenses, but, as indicated in jury notes, as well as in subsequent polling, was "hopelessly deadlocked" on the element distinguishing the lesser from the greater offenses.); State v. Glasmann , 183 Wash.2d 117, 349 P.3d 829, 830, ¶¶ 1-3, 834, ¶ 19 (2015) (on remand after successful appeal, double jeopardy did not bar retrial on greater offense when jury had convicted for lesser offense but was unable to agree on greater offense, as demonstrated by leaving verdict form on greater offense blank in accordance with instructions); People v. Aguilar , 317 P.3d 1255, 1259, ¶ 21 (Colo. App. 2012) ("We conclude that when a jury deadlocks on a greater charge but convicts on a lesser included charge, the hung jury rule, and not the implied acquittal doctrine, applies."); United States v. Allen , 755 A.2d 402, 411-12 (D.C. 2000) (double jeopardy did not bar retrial on greater offense, on which defendant had requested a mistrial after jury was unable to agree, notwithstanding fact that guilty verdict had been accepted and sentence imposed on lesser-included offense.); see also 6 Wayne R. LaFave et al., Criminal Procedure § 25.4(d) (4th ed.) (Dec. 2016 update), 2 and n.52 ("Application of Green may depend on a verdict setting that indicates an implied acquittal.... [N]o acquittal of a greater offense is suggested by conviction of a lesser offense when the jury is unable to reach agreement on the higher offense, and this disagreement is formally entered on the record.").
¶ 12 We are similarly persuaded that the first jury's verdict in this case of "Unable to agree" after it was instructed that it could proceed to consider the lesser charge if "after reasonable efforts you are unable to *446 unanimously agree on the more serious crime" constituted the "genuine deadlock" necessary to permit retrial on the greater offense, rather than an "implicit acquittal" barring retrial. The "implicit acquittal" found by the Supreme Court in Green and Price rested on significantly different circumstances. In Green , the jury left the verdict form for the greater offense blank but returned a guilty verdict on the lesser-included offense, after it was "authorized to find him guilty of either first-degree murder (killing while perpetrating a felony) or, alternatively, of second-degree murder (killing with malice aforethought)." 355 U.S. at 186, 189-90, 78 S.Ct. 221. In Price , the court did not detail the jury instructions, but simply noted that "[t]he jury's verdict made no reference to" the greater charge of murder. 398 U.S. at 324, 90 S.Ct. 1757.
¶ 13 In this case, in contrast, the jury was instructed that it could proceed to consider the lesser charge if "after reasonable efforts you are unable to unanimously agree on the more serious crime," and was given a single verdict form giving it the option of checking "Unable to agree" on the greater charge of first-degree murder. Martin did not object to the instruction, the verdict form, or the clerk's announcement in open court of the verdict "Unable to agree" on the charge of first-degree murder, and guilty of second-degree murder. Under these circumstances, we conclude that the jury was genuinely deadlocked on the charge of first-degree murder, and double jeopardy did not bar retrial on that charge. See Richardson , 468 U.S. at 325, 104 S.Ct. 3081 ("[T]he protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy ... the failure of the jury to reach a verdict is not an event which terminates jeopardy."); cf. Renico v. Lett , 559 U.S. 766, 775, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010) ("[W]e have never required a trial judge, before declaring a mistrial based on jury deadlock, to force the jury to deliberate for a minimum period of time, to question the jurors individually, to consult with (or obtain the consent of) either the prosecutor or defense counsel, to issue a supplemental jury instruction, or to consider any other means of breaking the impasse.").
¶ 14 We are not persuaded otherwise by the cases on which Martin relies: Brazzel v. Washington , 491 F.3d 976 (9th Cir. 2007) ; Gusler v. Wilkinson ex rel. Cty. of Maricopa , 199 Ariz. 391, 18 P.3d 702 (2001) ; and State v. Espinoza , 233 Ariz. 176, 310 P.3d 52 (App. 2013). In none of those cases did the verdict form itself state that the jury had been unable to agree on the greater offense. In Brazzel , the jury left the verdict form blank as to an attempted murder charge and convicted the defendant of the lesser-included assault charge. 491 F.3d at 979. Based on a defective jury instruction, the defendant's conviction was set aside, and the prosecutor refiled the attempted murder charge. Id . The trial court denied the defendant's request to dismiss the attempted murder charge and proceeded to trial, at which the defendant was again convicted only of the lesser-included assault charge. Id . at 980. On appeal, the Washington Court of Appeals affirmed the defendant's conviction, stating that although double jeopardy barred retrial on the greater offense, the issue was moot because the defendant was only convicted of the lesser-included offense. Id . On federal habeas review, however, the Ninth Circuit Court of Appeals noted that a double jeopardy violation is not to be readily disposed of as "moot" or harmless, holding that "we cannot determine whether or not the murder charge against petitioner induced the jury to find him guilty of the [lesser offense] rather than to continue to debate his innocence." Id . at 986. Thus, Brazzel simply provides support for the proposition that there is a double jeopardy bar when a jury leaves the verdict form for the greater charge blank and convicts the defendant on a lesser charge. The case does not suggest a double jeopardy bar when the verdict form specifies that the jurors were unable to reach a verdict on a greater offense while convicting on a lesser-included offense.
¶ 15 Gusler and Espinoza are similarly distinguishable. In Gusler , the Arizona Supreme Court held that the superior court erred by prematurely granting a mistrial without having provided defense counsel information (questions submitted by the jurors) that might have provided a basis to object to the proposed mistrial or to have *447 requested more specific inquiry to the jurors. 199 Ariz. at 395, ¶ 23, 18 P.3d at 706. Under those circumstances, the State had not established that there was manifest necessity for the mistrial, meaning double jeopardy barred retrial on the greater offense. Id.
¶ 16 Similarly, in Espinoza , the jury submitted a pre-verdict question indicating it "may be hung on the first offense," and the trial court responded by indicating it could leave the verdict form blank and consider the lesser offense. 233 Ariz. at 178, ¶ 3, 310 P.3d at 54. The jury then convicted the defendant of the lesser offense, but left the verdict form blank as to the greater offense. Id . After vacating the conviction on the lesser offense, we held that retrial was barred on the greater offense, thus treating the silent verdict on the greater offense as an acquittal. Id . at 178, ¶ 4, 179-180, ¶ 10, 310 P.3d at 54-56. We noted that the jury's pre-verdict note demonstrated at most that the jury could not reach an agreement on the greater charge after "reasonable efforts" at deliberation, which was not equivalent to the "genuine deadlock" necessary to permit retrial on the greater offense. Id . at 180, ¶ 11, 310 P.3d at 56.[3]
¶ 17 The cases Martin cites are distinguishable. They do not change the law that when the jury formally states on the verdict form that it has been unable to unanimously agree on the greater offense, this constitutes the equivalent of the "genuine deadlock" such that retrial is permitted on the greater offense. Double jeopardy accordingly did not bar retrial on the greater offense.
CONCLUSION
¶ 18 For the foregoing reasons, we affirm Martin's conviction and sentence for first-degree murder.

State v. Boozer , 221 Ariz. 601, 601, ¶ 2, 212 P.3d 939, 939 (App. 2009).

In a separate memorandum decision, State v. Martin , 1 CA-CR 16-0551, 2018 WL 3031568 (Ariz. App. Jun. 19, 2018), filed simultaneously with this opinion, we address Martin's arguments that the superior court erred by refusing to strike the entire jury panel on the grounds it was tainted, and that the court violated his confrontation rights by admitting the victim's dying declarations.

Martin also cites State v. Maloney , 105 Ariz. 348, 464 P.2d 793 (1970), which held that double jeopardy barred a defendant's retrial on first-degree murder after he was convicted of second-degree murder as a lesser-included offense, finding the facts in Green v. United States , 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), "completely analogous." See Maloney , 105 Ariz. at 356-57, 464 P.2d at 801-02. In Maloney , however, the court did not identify what instruction the jury was given (whether "acquittal first" or "unable to agree after reasonable efforts"), or suggest that the jury reported that it was "unable to agree" on the charge of first-degree murder, which distinguishes both Green and Maloney from this case. See Maloney , 105 Ariz. at 357, 464 P.2d at 801.