NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARJAN KAYKAVOOSI VANLEER, *Appellant.*

No. 1 CA-CR 15-0371
FILED 4-26-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-110187-001
The Honorable Jerry Bernstein, Judge Pro Tempore

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Hopkins Law Office PC, Tucson
By Cedric Martin Hopkins
*Counsel for Appellant*

Marjan K. Vanleer, Florence
*Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Maurice Portley joined.

---

**N O R R I S**, Judge:

¶1          Marjan Kaykavoosi Vanleer timely appeals from her conviction and sentence for disorderly conduct, a Class 6 undesignated felony. After searching the record on appeal and finding no arguable question of law that was not frivolous, Vanleer's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Vanleer to file a supplemental brief *in propria persona*, and its motion to extend the time for filing such brief, and Vanleer did so. We reject the arguments raised in Vanleer's supplemental brief and, after reviewing the entire record, we find no fundamental error. Therefore, we affirm Vanleer's conviction and sentence as corrected.

**FACTS AND PROCEDURAL BACKGROUND**[1]

¶2          Victim F.C. testified that on March 2, 2014, he was driving his truck with passenger A.S. when the car in front of them—driven by Vanleer—began "swerving in and out of the lane." F.C. "tried to go around" Vanleer's car, but "the car swerve[d]" almost hitting them. Vanleer then went "around [them] in her vehicle," started "yelling at [them] and then [sped] off" before stopping at a red light. When the light turned green, instead of driving forward, Vanleer "got out of her car and walked toward" F.C. and A.S. holding "a gun in her hand" and "pointed [it] at" them. F.C. and A.S. also testified when Vanleer came up to the truck she was yelling expletives and told them to "[g]et out of the vehicle." After they

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Vanleer. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

refused to leave their truck, Vanleer eventually returned to her car and drove away. F.C. then called the police.

¶3        The police located Vanleer and detained her for questioning. In a recorded police interview, Vanleer admitted she had left her car to confront F.C. because she was upset they nearly ran her off the road. She also told the officer she "may have had [the gun] in [her] pants" when she got out of the car, but could not "remember offhand" whether she was carrying it in her hand. The police found the gun in the center console of her car. At trial, Vanleer again stated she "may have" had a gun on her when she approached the truck.

¶4        The State charged Vanleer with two counts of aggravated assault, one count for each F.C. and A.S. After trial, a 12 member jury found Vanleer not guilty on both counts of aggravated assault, but found her guilty on one count of the lesser included offense—disorderly conduct, a non-dangerous offense, for her actions against F.C. The superior court suspended imposition of the sentence, placed Vanleer on three years of supervised probation, and ordered her to serve two months in jail.

## DISCUSSION

I.        Supplemental Brief

¶5        As we construe her supplemental brief, Vanleer first argues her sentence of two months in jail and three years' probation was excessive for a disorderly conduct conviction. If a sentence is within the permissible statutory limits we will not modify or reduce it unless it is clearly excessive. *See State v. Gillies*, 142 Ariz. 564, 573, 691 P.2d 655, 664 (1984). The record does not support Vanleer's contention that her sentence was clearly excessive. *See generally State v. Vermuele*, 226 Ariz. 399, 403, ¶ 15, 249 P.3d 1099, 1103 (App. 2011) (appropriate sentence within statutory range rests in trial court's discretion; abuse of discretion characterized by failure to consider factors relevant to imposing sentence). Vanleer's sentence was within the prescribed statutory range and was imposed lawfully.

¶6        Vanleer next argues her conviction was not supported by sufficient evidence. Based on our review of the record, however, the State presented sufficient evidence supporting Vanleer's conviction, *see supra* ¶ 2-3, and any inconsistencies or weaknesses in the evidence merely went to the weight of the evidence. *See State v. Erivez*, 236 Ariz. 472, 476, ¶ 16, 341 P.3d 514, 518 (App. 2015).

¶7            Finally, Vanleer argues her trial counsel was ineffective.  This court will not consider claims of ineffective assistance of counsel on direct appeal.  *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002) (ineffective assistance of counsel claims must be raised in Arizona Rule of Criminal Procedure 32 proceedings).

II.     Anders Review

¶8            We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  Vanleer received a fair trial.  She was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶9            As discussed, the evidence presented at trial was substantial and supports the verdict.  The jury was properly comprised of 12 members and the court properly instructed the jury on the elements of the charges, Vanleer's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict.  The superior court received and considered a presentence report, Vanleer was given an opportunity to speak at sentencing, and her sentence was within the range of acceptable sentences for her offense.

¶10           We note, however, the superior court's sentencing minute entry did not cite Arizona Revised Statutes ("A.R.S.") section 13-604(A) (2010) when it refrained "from designating the offense as a felony or misdemeanor until the probation is terminated."   Thus, we correct Vanleer's sentence to reflect A.R.S. § 13-604 as the sentencing statute for her class 6 undesignated felony conviction.

¶11           We also note a discrepancy between the sentencing transcript and the sentencing minute entry.  At the sentencing hearing, the superior court sentenced to Vanleer to "two months" in jail "beginning no later than . . . June 5, 2015" and "not to be released until August 5, 2015."  The superior court's minute entry, however, states she was to be incarcerated in "jail for 2 month(s), beginning May 29, 2015 with credit for 0 day(s) served.  Not to be released until August 5, 2015."  We correct the sentencing minute entry to reflect that the court ordered Vanleer to be incarcerated in jail for two months beginning no later than June 5, 2015.

**CONCLUSION**

¶12           We decline to order briefing and affirm Vanleer's conviction and sentence as corrected.

4

**¶13** After the filing of this decision, defense counsel's obligations pertaining to Vanleer's representation in this appeal have ended. Defense counsel need do no more than inform Vanleer of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶14** Vanleer has 30 days from the date of this decision to proceed, if she wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Vanleer 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama