NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ABRAHAM ESTRADA FLORES, *Appellant.*

No. 1 CA-CR 15-0674
FILED 6-9-2016

Appeal from the Superior Court in Yuma County
No. S1400CR201500114
The Honorable Maria Elena Cruz, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Edward F. McGee
*Counsel for Appellant*

Abraham E. Flores, Buckeye
*Appellant*

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Maurice Portley joined.

**N O R R I S**, Judge:

¶1 Abraham Estrada Flores timely appeals from his conviction and sentence for aggravated assault, a Class 3 dangerous felony. *See* Ariz. Rev. Stat. § 13-1204(A)(2) (Supp. 2014). After searching the record on appeal and finding no arguable question of law that was not frivolous, Flores' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error, and also raising several issues at Flores' request. This court granted counsel's motion to allow Flores to file a supplemental brief *in propria persona*, and he did so. We reject the arguments raised in Flores' counsel's brief and Flores' supplemental brief, and, after reviewing the entire record, we find no fundamental error. Therefore, we affirm Flores' conviction and sentence as corrected.

## FACTS AND PROCEDURAL BACKGROUND[1]

¶2 Victim J.C. testified that on January 30, 2015, he was working at an agricultural farm when he received a call to come help repair a broken sprinkler pipe. After receiving the call, he and two coworkers, J.C.B. and J.H.B., met a foreman, C.C., at the location of the broken pipe to start repairing it. Flores arrived shortly thereafter and began "arguing with [C.C.] and cursing at him," calling him "a snitch" and other obscenities because C.C. had told Flores' boss about the leaking pipe. Flores repeatedly challenged C.C. "to hit him," but C.C. told Flores "he wasn't getting paid to fight." Flores eventually walked to his car, yelled several obscenities to the whole group, and got in his car.

¶3 J.C. then approached Flores "to ask [Flores] why he was saying that to [him]" because Flores barely knew him. According to J.C.,

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Flores. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

he "wasn't approaching [Flores] with the intention of arguing or fighting." Flores got out of his car when J.C. approached, so J.C. "turned around to walk away" and "started ignoring him" to avoid trouble. As he was walking away, C.C. yelled, "watch out." J.C. "glanced back and [] got a glimpse of [Flores] coming at [him] with [a] machete," and he got "really scared." J.C. thought Flores "was going to hit [him] on the head, but" because he was able to duck down, Flores struck his back with the machete instead.

¶4 C.C., J.C.B., and J.H.B. testified and described the incident in similar terms. They also testified that when J.C. was walking away, Flores got out of his car and retrieved the machete from his trunk. J.C. and the other witnesses also testified that when J.C. approached the car, J.C. had his "hands on his back" and did not make any threats to Flores. J.H.B. also testified that at "no time at all" did Flores appear to be in fear of J.C.

¶5 An eight-member jury found Flores guilty of aggravated assault, a dangerous offense. The superior court sentenced Flores to a mitigated term of five years' imprisonment with 38 days of pre-sentence incarceration credit.

## DISCUSSION

I.    Supplemental Brief and *Anders* Brief Arguments

¶6 As we construe his supplemental brief and the arguments he asked his counsel to raise in the *Anders* brief, Flores first argues the facts supported his claim of self-defense. We reject this argument. We must not "take the case away from the jury" by reviewing the record for evidence supporting a conclusion or inference different from the resulting decision. *Flanders v. Maricopa Cty.*, 203 Ariz. 368, 371, ¶ 5, 54 P.3d 837, 840 (App. 2002). "Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Id.* As the finder of fact, the jury rejected Flores' self-defense claim. We do not reweigh the evidence presented at trial to reach an opposite conclusion.

¶7 Flores next argues his conviction was not supported by sufficient evidence. Based on our review of the record, however, the State presented sufficient evidence supporting Flores' conviction, *see supra* ¶¶ 2-4, and any inconsistencies or weaknesses in the evidence merely went to the weight of the evidence. *See State v. Erivez*, 236 Ariz. 472, 476, ¶ 16, 341 P.3d 514, 518 (App. 2015).

¶8          Flores next argues three witnesses, C.C., J.C.B., and J.H.B., gave perjured and biased testimony and coordinated their initial witness statements to police. The record does not support these arguments.

¶9          Flores next argues the trial was unfair and he was the victim of a conspiracy among the trial judge, the prosecutor, and his lawyer to see him convicted ("unfair trial argument"). In support of his unfair trial argument, he asserts his counsel never provided him paperwork confirming he wanted to go to trial; the prosecutor and judge repeatedly got his last name wrong; J.C. lied at the conditions of release hearing; the day after giving evidence, J.C., J.C.B., and J.H.B. celebrated with a box of doughnuts because J.C.B. and J.H.B. had supported J.C. with their testimony; the superior court required Flores to go to trial, but denied him the opportunity to present other witnesses; and he was the victim of racism because he is Mexican and does not speak English. The record does not support these arguments. Furthermore, a trial judge is presumed to be unbiased, *State v. Henry*, 189 Ariz. 542, 546, 944 P.2d 57, 61 (1997), and rebutting this presumption requires a party to prove bias or prejudice by a preponderance of the evidence. *State v. Hurley*, 197 Ariz. 400, 404-05, ¶ 24, 4 P.3d 455, 459-60 (App. 2000). Flores has not submitted any evidence to rebut the presumption.

¶10          Flores raises several other arguments in further support of his unfair trial argument. First, he points out he was never offered a plea agreement. The State, however, is not required to offer a plea agreement. *See* Ariz. R. Crim. P. 17.4(a). Second, he asserts the superior court did not permit him to offer evidence that J.C. had been fired from his previous employment for fighting his boss. Based on our review of the record, however, the superior court did not abuse its discretion in excluding evidence that J.C. had been fired from his previous job for fighting with his boss. The evidence was only marginally relevant, at best, and could be misleading or confusing to the jury. *See* Ariz. R. Evid. 403. Third, he argues the superior court should not have limited him to presenting evidence of J.C.'s prior aggressive acts to only the single act Flores knew about before the incident in this case—J.C. fighting his prior boss. In Arizona, "a defendant may not introduce evidence of specific acts unknown to the defendant at the time of the alleged crime to show that the victim was the initial aggressor." *State v. Fish*, 222 Ariz. 109, 121, ¶ 35, 213 P.3d 258, 270 (App. 2009). "Accordingly, the superior court properly excluded the specific act evidence" unknown to Flores for the purpose of showing J.C. was the initial aggressor. *Id.*; *see* Ariz. R. Evid. 404(a)(2), 405.

¶11       Flores also argues his trial counsel was ineffective.  This court will not consider claims of ineffective assistance of counsel on direct appeal. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002) (ineffective assistance of counsel claims must be raised in Arizona Rule of Criminal Procedure 32 proceedings).

¶12       Finally, Flores argues his sentence was excessive.  If a sentence is within the permissible statutory limits, we will not modify or reduce it unless it is clearly excessive.  *See State v. Gillies*, 142 Ariz. 564, 573, 691 P.2d 655, 664 (1984).  The record does not support Flores' contention that his sentence was clearly excessive.  *See generally State v. Vermuele*, 226 Ariz. 399, 403, ¶ 15, 249 P.3d 1099, 1103 (App. 2011) (appropriate sentence within statutory range rests in trial court's discretion; abuse of discretion characterized by failure to consider factors relevant to imposing sentence). Flores received a mitigated sentence—the minimum sentence allowed under the statute.  His sentence was within the prescribed statutory range and was imposed lawfully.

II.     Anders Review

¶13       We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  Flores received a fair trial.  He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶14       As discussed, the evidence presented at trial was substantial and supports the verdict.  The jury was properly comprised of eight members, and the court properly instructed the jury on the elements of the charge, Flores' presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict.  The superior court received and considered a presentence report, Flores was given an opportunity to speak at sentencing and did so, and, as discussed, his sentence was within the range of acceptable sentences for his offense.

¶15       We note, however, the judgment and sentence of imprisonment incorrectly states the superior court imposed a presumptive sentence, when in fact the court imposed a mitigated sentence.  We therefore correct the superior court's judgment and sentence of imprisonment to reflect the superior court imposed a mitigated sentence.

**CONCLUSION**

¶16       We decline to order briefing and affirm Flores' conviction and sentence as corrected.

**¶17**　　　　After the filing of this decision, defense counsel's obligations pertaining to Flores' representation in this appeal have ended.　Defense counsel need do no more than inform Flores of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.　*State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶18**　　　　Flores has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.　On the court's own motion, we also grant Flores 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA