NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSHUA GEORGE DAVIDSEN, *Appellant.*

No. 1 CA-CR 19-0407
FILED 10-1-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-138229-001
The Honorable Marvin L. Davis, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

---

**W I L L I A M S**, Judge:

¶1        Joshua George Davidsen appeals his convictions and resulting consequences for two counts of disorderly conduct and one count of threatening or intimidating. For reasons that follow, we affirm.

### FACTUAL[1] AND PROCEDURAL HISTORY

¶2        Davidsen and B.T. were neighbors. B.T. and her boyfriend, M.S., were swimming in her new pool one night when Davidsen started an argument through the block fence separating their properties. Davidsen complained about B.T.'s dogs and B.T.'s recent pool construction. He insulted B.T. and taunted her boyfriend. When the boyfriend reacted, Davidsen grabbed a knife from inside his home, stood by the fence waving the knife, and ultimately threatened to cut M.S.'s throat.

¶3        The State charged Davidsen with two counts of disorderly conduct, Class 6 dangerous felonies (Counts 1 and 2), and threatening or intimidating, a Class 1 misdemeanor (Count 3). Davidsen's first trial ended in a hung jury. Following the retrial, a jury convicted Davidsen as charged. The superior court sentenced Davidsen to concurrent terms of 1.75 years imprisonment on Counts 1 and 2, with a two-year probation grant for Count 3 to begin upon release from prison. We have jurisdiction over Davidsen's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

### DISCUSSION

¶4        Davidsen argues the consecutive term of probation imposed on Count 3 constituted an illegal sentence under § 13-116 because the

---

[1] We view the evidence in the light most favorable to sustaining the verdicts, resolving reasonable inferences against Davidsen. *See State v. Stroud*, 209 Ariz. 410, 412, ¶ 6 (2005).

threatening or intimidating offense arose from the same act as the disorderly conduct offenses. Davidsen did not object when the superior court imposed his sentence. Thus, we review his challenge only for fundamental, prejudicial error. *See State v. Escalante*, 245 Ariz. 135, 140, 142, ¶¶ 12–13, 21 (2018). An illegal sentence is fundamental error. *State v. Thues*, 203 Ariz. 339, 340, ¶ 4 (App. 2002).

¶5            "An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." A.R.S. § 13-116. We apply a three-part test set forth in *State v. Gordon*, 161 Ariz. 308, 312–313 (1989), to determine whether a defendant committed a single act, requiring concurrent sentences, or multiple acts, authorizing consecutive sentences, *see State v. Carlson*, 237 Ariz. 381, 400, ¶ 80 (2015).

¶6            Under the first *Gordon* factor, we "subtract[] from the factual transaction the evidence necessary to convict on the ultimate charge[,]" – here, disorderly conduct[2] – and "[i]f the remaining evidence satisfies the elements of the other crime, then consecutive sentences may be permissible[.]" 161 Ariz. at 315. We consider the other factors only if the first part of the *Gordon* test does not end the inquiry. *See State v. Roseberry*, 210 Ariz. 360, 370, ¶ 58 (2005) (explaining the other *Gordon* factors are examined only when the first factor permits consecutive sentences).

¶7            The second *Gordon* inquiry analyzes "whether, given the entire 'transaction,' it was *factually impossible* to commit the ultimate crime without also committing the secondary crime. If so, then the likelihood will increase that the defendant committed a single act[.]" 161 Ariz. at 315 (emphasis added). Third, we examine "whether the defendant's conduct in committing the lesser crime caused the victim to suffer an additional risk of harm beyond that inherent in the ultimate crime." *Id.* Relevant to the issue before us, "despite the general principle that probation is not a sentence, A.R.S. § 13-116 must be interpreted to prohibit the court from imposing a consecutive term of probation when the conviction underlying it flows from the same act as a conviction resulting in a sentence of imprisonment." *State v. Watson*, 248 Ariz. 208, 218, ¶ 32 (App. 2020).

¶8            Applying the first *Gordon* factor, we must discard the evidence necessary to prove disorderly conduct and determine whether the remaining evidence satisfies the elements of threatening or intimidating. As presented to the jury, the disorderly conduct charges required the State to

---

[2] There is no dispute that disorderly conduct is the ultimate charge.

prove Davidsen "knowingly or intentionally disturbed the peace or quiet" of B.T. and M.S. by "recklessly handling or displaying" the knife. *See* A.R.S. § 13-2904(A)(6). For the jury to convict Davidsen of threatening or intimidating, the State had to prove he "threatened or intimidated by word or conduct . . . to cause physical injury to another person." *See* A.R.S. § 13-1202(A)(1).

**¶9** Both parties conclude that Davidsen completed the crime of disorderly conduct when the victims saw him waving the knife as he stood by the fence, and we agree. Taking away that evidence, the remaining evidence established that Davidsen threatened to cut M.S.'s throat. Given the verbal altercation minutes earlier and Davidsen's aggressive demeanor, his threat to cut M.S.'s throat satisfied the elements of the threatening or intimidating charge. *See In re Kyle M.*, 200 Ariz. 447, 451–452, ¶¶ 22-23 (App. 2001) (holding that § 13-1202(A)(1) applies to a "true threat," meaning one that a reasonable person would understand as a genuine threat to inflict harm); *see also In re Ryan A.*, 202 Ariz. 19, 22–23, ¶¶ 11-14 (App. 2002) (same and explaining the standard is objective). Possessing the knife may have added weight to Davidsen's threat but was unnecessary to prove the threatening or intimidating charge.

**¶10** Turning to *Gordon's* second factor, B.T. testified that although Davidsen "disturbed [her] peace" by "waving a knife over the fence," she was not in "physical fear" or "physical harm" because she was "far enough away." Similarly, M.S. acknowledged that Davidsen's act of "waving [the knife] in the air" was "disturbing," but that Davidsen remained around twenty feet away, never climbing over the fence.

**¶11** Based on the entire transaction, a reasonable juror could find that Davidsen's display of the knife disturbed each victim's peace without conveying a genuine threat to injure—given the distance and block fence separating them. *See In re Kyle M.*, 200 Ariz. at 451–452, ¶¶ 22-23; *cf. State v. Erivez*, 236 Ariz. 472, 476, ¶ 18 (App. 2015) ("Disturbing the peace or quiet of the victim does not necessarily rise to the level of placing the victim in reasonable apprehension of immediate physical injury, the conduct required for an assault."). Therefore, because the evidence showed it was factually possible for Davidsen to disturb the victims without threatening them, the second *Gordon* factor weighs toward viewing the crimes as multiple acts.

**¶12** For similar reasons, the third *Gordon* factor also weighs against concluding Davidsen committed a single act. Davidsen's threat to

cut M.S.'s throat added a risk of deadly harm not part of his disorderly conduct act of disturbing their peace.

¶13      Lastly, Davidsen argues the way in which the evidence was presented, and the prosecutor's closing argument, support his single-act argument, given that the prosecutor emphasized Davidsen's possession of the knife to prove all three crimes. But we do not consider the State's arguments when conducting the *Gordon* analysis. 161 Ariz. at 315. Rather, we must determine whether the State produced evidence sufficient to show Davidsen committed multiple acts, and the State did so here. Accordingly, the superior court did not err, fundamentally or otherwise, by imposing a consecutive term of probation.

## CONCLUSION

¶14      For the foregoing reasons, we affirm Davidsen's convictions, sentences, and probation grant.

