IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

─────────────

THE STATE OF ARIZONA,
*Appellee*,

*v.*

FRANCISCO XAVIER VELOZ,
*Appellant*.

No. 2 CA-CR 2014-0121
Filed January 29, 2015

─────────────

Appeal from the Superior Court in Graham County
No. CR201300318
The Honorable Peter J. Cahill, Judge

**AFFIRMED IN PART; VACATED IN PART**

─────────────

COUNSEL

Mark Brnovich, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Diane Leigh Hunt, Assistant Attorney General, Tucson
*Counsel for Appellee*

Hariette P. Levitt, Tucson
*Counsel for Appellant*

─────────────

**OPINION**

Presiding Judge Miller authored the opinion of the Court, in which
Chief Judge Eckerstrom and Judge Espinosa concurred.

─────────────

M I L L E R, Presiding Judge:

**¶1** Francisco Veloz was convicted after a jury trial of organized retail theft and theft, and sentenced to concurrent prison terms totaling 4.5 years, with restitution to the victim. On appeal, he contends the organized retail theft statute is unconstitutionally vague, the evidence was insufficient to convict him of organized retail theft, the trial court erred when it failed sua sponte to instruct the jury on shoplifting as a lesser-included offense of organized retail theft, and his theft conviction should be vacated because it violates the prohibition against double jeopardy. For the following reasons, we vacate the theft conviction and the criminal restitution order (CRO) and otherwise affirm Veloz's remaining conviction and sentence as corrected.

## Factual and Procedural Background

**¶2** We view the evidence in the light most favorable to sustaining the jury's verdict. *See State v. Haight-Gyuro*, 218 Ariz. 356, ¶ 2, 186 P.3d 33, 34 (App. 2008). In June 2013, an asset protection manager at a store witnessed Veloz conceal several DVDs in a shirt he removed from a shelf, place the shirt containing the DVDs in a shopping cart, and walk past the cash registers out of the store without stopping to pay. The manager called police, who reviewed the store's surveillance video. An officer recognized Veloz, which led to an interview in his home. Veloz admitted that he took the DVDs, and an officer observed that the DVD cases had been opened. The value of the stolen DVDs and shirt totaled $157.62. Veloz was charged, convicted, and sentenced as described above,[1] and this timely appeal followed.

---

[1]Veloz also was sentenced to a consecutive term of 2.5 years in prison due to a probation violation in another case that is not at issue here.

**Double Jeopardy**

¶3        We begin with Veloz's final argument because it requires us to interpret the organized retail theft statute, which informs our analysis of Veloz's other arguments. Veloz contends his conviction for theft must be vacated because theft is a lesser-included offense of organized retail theft. The state contends this argument is forfeited for failure to argue fundamental, prejudicial error. We do not ignore fundamental error when we find it, *State v. Fernandez*, 216 Ariz. 545, ¶ 32, 169 P.3d 641, 650 (App. 2007), and a double jeopardy violation is fundamental, prejudicial error, *State v. Ortega*, 220 Ariz. 320, ¶ 7, 206 P.3d 769, 772 (App. 2008).

¶4        The double jeopardy clauses of the federal and state constitutions protect criminal defendants from multiple convictions for the same offense. *Id.* ¶ 9; *see also* U.S. Const. amend. V; Ariz. Const. art. 2, § 10. This prohibition also protects against a conviction for a lesser-included offense when the defendant is convicted of the greater offense. *State v. Chabolla-Hinojosa*, 192 Ariz. 360, ¶ 10, 965 P.2d 94, 96-97 (App. 1998). A defendant's double jeopardy rights are violated even when the two sentences are concurrent. *State v. Brown*, 217 Ariz. 617, ¶ 13, 177 P.3d 878, 882 (App. 2008); *see also Ball v. United States*, 470 U.S. 856, 864 (1985). We review de novo whether a double jeopardy violation has occurred. *State v. Garcia*, 235 Ariz. 627, ¶ 4, 334 P.3d 1286, 1288 (App. 2014).

¶5        "A lesser-included offense is one 'composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one.'" *Chabolla-Hinojosa*, 192 Ariz. 360, ¶ 11, 965 P.2d at 97, *quoting State v. Woods*, 168 Ariz. 543, 544, 815 P.2d 912, 913 (App. 1991). Here, organized retail theft is the greater offense. *Compare* A.R.S. § 13-1802(G) (theft of property valued at less than $1,000 is class one misdemeanor) with A.R.S. § 13-1819(B) (organized retail theft is class four felony). The subsection of the organized retail theft statute under which Veloz was charged provides:

> A person commits organized retail theft if the person acting alone or in conjunction with another person does any of the following:
>
> . . . .
>
> 2. Uses an artifice, instrument, container, device or other article to facilitate the removal of merchandise from a retail establishment without paying the purchase price.

§ 13-1819(A). The applicable portion of the theft statute defines theft as when a person, without lawful authority, knowingly "controls property of another with the intent to deprive the other person of such property." § 13-1802(A)(1).

¶6 The state argues § 13-1819, unlike theft, does not require an intent to deprive. If accurate, theft cannot be a lesser-included offense of organized retail theft.[2] The state is correct inasmuch as the plain language of § 13-1819(A)(2) does not mention a culpable mental state. But the state makes no attempt to clarify what appears on its face—and was instructed to the jury—as a strict liability offense that carries the penalty of a class four felony. *See* § 13-1819(B).

¶7 A statute lacking a culpable mental state generally indicates the legislature intended to create a strict liability offense, "unless the proscribed conduct necessarily involves a culpable

---

[2]The state specifically argues that shoplifting is not a lesser-included offense of organized retail theft. Although the argument is inapplicable because Veloz was not convicted of shoplifting, it would not change the analysis here. Shoplifting, like theft, requires intent to deprive. *See* A.R.S. § 13-1805(A); *see also State v. Teran*, 130 Ariz. 277, 278, 635 P.2d 870, 871 (App. 1981) ("[A] finding of guilty on shoplifting would mean that [the defendant] was also guilty of theft.").

mental state." A.R.S. § 13-202(B). Strict liability is considered the exception, not the rule; therefore, we will find strict liability only where there is a clear legislative intent. *State v. Yazzie*, 232 Ariz. 615, ¶ 6, 307 P.3d 1042, 1043 (App. 2013). Moreover, strict liability offenses generally are limited to "regulatory offenses that result in no direct or immediate injury to person or property, carry relatively small penalties, and do not seriously damage the reputation of those convicted of them." *State v. Slayton*, 214 Ariz. 511, ¶ 20, 154 P.3d 1057, 1062 (App. 2007). Because the plain language of subsection B does not include a mental state, we must determine whether the prohibited conduct necessarily involves a scienter requirement by examining the words of the statute and legislative intent. *See State v. Mincey*, 115 Ariz. 472, 478, 566 P.2d 273, 279 (1977) (scienter inferred in felony murder statute), *rev'd on other grounds*, 437 U.S. 385 (1978).

¶8    Section 13-1819 was added in 2009[3] and is found in chapter 18 of the criminal code, which generally addresses theft offenses, including larceny, embezzlement, shoplifting, and more specific offenses such as issuing a bad check. *See* A.R.S. §§ 13-1801 through 13-1820. With the exception of the portion of the organized retail theft statute applicable here, every offense in chapter 18 has a required mental state, such as knowledge, intent to deprive, or intent to defraud. *See* A.R.S. §§ 13-1803 (knowledge required for unlawful use of means of transportation); 13-1805 (intent to deprive required for shoplifting); 13-1817 (intent to cheat or defraud required for unlawful possession, use or alteration of retail sales receipt). The organized retail theft statute is not markedly different except for the omission of an express scienter requirement.

¶9    The legislative history of the statute also includes no reference to strict liability. Although the introduced version of the bill lacked a mental state for two out of the original four ways of committing the offense, intent—specifically intent to resell—was discussed both times the bill was amended.[4] *See* Senate Fact Sheet,

---

[3]2009 Ariz. Sess. Laws, ch. 127, § 3.

[4]The first amendment to the bill required "attempt to resell" for every means of committing the offense, and the second

S.B. 1059, 49th Leg., 1st Reg. Sess. (Ariz. June 15, 2009); *see* Senate Engrossed Version, S.B. 1059, 49th Leg., 1st Reg. Sess. (Ariz. 2009); *see also* House Fact Sheet, S.B. 1059, 49th Leg., 1st Reg. Sess. (Ariz. June 29, 2009); H. Comm. on Judiciary Amendment, S.B. 1059, 49th Leg., 1st Reg. Sess. (Ariz. 2009). The legislative history lacks any indication the offense was intended to be one of strict liability. Absent a clear legislative intent that organized retail theft using an artifice or device be a strict liability offense, we conclude a culpable mental state is required.[5] *See Yazzie*, 232 Ariz. 615, ¶ 6, 307 P.3d at 1043.

**¶10** Next, we must determine what culpable mental state necessarily is involved in organized retail theft. When a common law offense is codified, even without any language of intent, courts generally have continued to require the applicable intent. *See Morissette v. United States*, 342 U.S. 246, 252 (1952). Organized retail

---

amendment resulted in "attempt to resell" appearing only in subsection 1, as the statute now provides. *See* Senate Engrossed Version, S.B. 1059, 49th Leg., 1st Reg. Sess. (Ariz. 2009); *see also* House Fact Sheet, S.B. 1059, 49th Leg., 1st Reg. Sess. (Ariz. June 29, 2009). The stated purpose of the second amendment was to "narrow the crime of organized retail theft on those with the intent to resell the stolen merchandise." *See Hearing on S.B. 1059 Before the H. Comm. on Judiciary*, 49th Leg., 1st Reg. Sess. (June 25, 2009) (statement of Brooke Olguin, assistant research analyst).

[5]We also note that without a required mental state, the statute would criminalize the act of accidentally leaving a store without paying for an item, as may happen, for example, when a child places an item within a parent's purchases without the parent's knowledge. Such a reading of the statute would lead to an absurd result. *See State v. Estrada*, 201 Ariz. 247, ¶¶ 16-17, 34 P.3d 356, 360 (2001) (court must interpret statutory language in way that will avoid absurd result—one that is "'so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of persons with ordinary intelligence and discretion'"), *quoting Perini Land Dev. Co. v. Pima Cnty.*, 170 Ariz. 380, 383, 825 P.2d 1, 4 (1992).

theft requires a simple, completed theft of goods, with additional requirements of intent to resell or use of an artifice or device; at its core, it is common law larceny. *See* 50 Am. Jur. 2d *Larceny* § 1 (2014). At common law, larceny requires intent to deprive. *Id.* We therefore conclude the offense of organized retail theft necessarily involves intent to deprive.

**¶11** Our conclusion is supported by previous Arizona cases in which courts found intent to deprive where not expressly stated in other theft-related statutes. *See Garcia*, 235 Ariz. 627, ¶¶ 7, 11, 334 P.3d at 1289-90 (finding intent to deprive in armed robbery statute); *see also State v. Wood*, 7 Ariz. App. 22, 24, 435 P.2d 857, 859 (1967) (finding intent to permanently deprive in former grand theft statute). As we noted in addressing a former grand theft statute that required only a felonious stealing, taking, carrying, or driving away of the motor vehicle of another, "it is unquestionably the law of this jurisdiction that in order for there to be a theft of goods, there must be an intent to permanently deprive the owner of the goods." *Wood*, 7 Ariz. App. at 24, 435 P.2d at 859; *see also State v. Celaya*, 135 Ariz. 248, 252, 660 P.2d 849, 853 (1983) (culpable mental state in theft necessary element of robbery despite language of statute). Section 13-1819(A)(2) requires intent to deprive; therefore, on these facts,[6] theft is a lesser-included offense of organized retail theft, and Veloz's convictions for both violate double jeopardy.

**Vagueness**

**¶12** Veloz also argues the organized retail theft statute is unconstitutionally vague and overbroad without a definition for "organized." Because Veloz did not raise his claim below, we review it only for fundamental error. *State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005); *State v. Lefevre*, 193 Ariz. 385, ¶ 15,

---

[6] Theft is not always "lesser" than organized retail theft, because theft of more than $3,000 in property or services can be a class four felony, and $25,000 or more is a class three felony; organized retail theft is a class four felony regardless of the value of goods. A.R.S. §§ 13-1802(G), 13-1819(B).

972 P.2d 1021, 1025 (App. 1998) (constitutional claims generally forfeited if not asserted below).

**¶13**         Veloz's argument is based on a misreading of the statute. He contends that the term "organized" is undefined, providing no notice to a defendant of what conduct is prohibited. But "organized" is only in the title, and is not an element of the offense. § 13-1819. The entire statute defines what constitutes "organized retail theft." *Id.*

**¶14**         Veloz also argues the statute fails for vagueness because there is no difference between organized retail theft and shoplifting beyond the shoplifting statute's explicit requirement of intent to deprive. The basic offense of shoplifting, however, does not require use of an artifice or device as an element of the offense. A.R.S. § 13-1805(A).[7]   A person who leaves a store carrying an item in plain view could not be charged with organized retail theft under § 13-1819(A)(2). Although someone using an artifice arguably could be charged with shoplifting or organized retail theft, exercise of prosecutorial discretion does not render the latter void for vagueness. *See Hirschfeld v. Superior Court*, 184 Ariz. 208, 215, 908 P.2d 22, 29 (App. 1995). The organized retail theft statute is not facially vague.

## Sufficiency of the Evidence

**¶15**         Veloz next claims there was insufficient evidence to sustain a guilty verdict on the organized retail theft charge. We review de novo the sufficiency of the evidence, *State v. West*, 226 Ariz. 559, ¶ 15, 250 P.3d 1188, 1191 (2011); and, in doing so, "'we view the evidence in the light most favorable to supporting the verdict and will reverse only if there is a complete absence of substantial evidence to support the conviction.'" *State v. Ramsey*, 211 Ariz. 529, ¶ 40, 124 P.3d 756, 769 (App. 2005), *quoting State v.*

---

[7]We note that shoplifting under A.R.S. § 13-1805(I) requires use of an artifice or device, but, like organized retail theft, it is a class four felony.

*Sullivan*, 187 Ariz. 599, 603, 931 P.2d 1109, 1113 (App. 1996). "Substantial evidence" is proof that reasonable people could accept as sufficient to support a conclusion of guilt beyond a reasonable doubt. *West*, 226 Ariz. 559, ¶ 16, 250 P.3d at 1191.

**¶16** Veloz contends the theft was not organized because none of his actions suggest a coordinated plan or a system, suggesting "organization" is an element of the crime. As noted above, however, the statute defines the act of "organized retail theft" as when a person "[u]ses an artifice, instrument, container, device or other article to facilitate the removal of merchandise from a retail establishment without paying the purchase price." A.R.S. § 13-1819(A)(2). No additional organization need be shown.

**¶17** Reviewing the record, it is apparent that Veloz put several DVDs into a shopping cart and wrapped the DVDs in a shirt before walking out of the store without paying. The shirt facilitated the removal of merchandise, as required by § 13-1819(A)(2). The DVDs were found in his house, opened, indicating intent to permanently deprive the owner of them. There was sufficient evidence to support Veloz's conviction.

## Jury Instructions

**¶18** Veloz contends the trial court fundamentally erred when it failed sua sponte to instruct the jury on shoplifting as a lesser-included offense of organized retail theft, arguing the jury "could have accepted [his] theory that the offense was nothing more than a simple theft (or shoplifting), and that there was nothing organized about it." Because he did not raise this argument below, we review for fundamental, prejudicial error. *Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607.

**¶19** Contrary to Veloz's assertions, and as noted above, "organization" is not an element of organized retail theft. § 13-1819. Veloz does not state which portion of the shoplifting statute should

have constituted the lesser-included offense,[8] but none of the subsections that would have resulted in a lesser charge require use of an artifice or device, in contrast with the organized retail theft statute.[9] §§ 13-1805(A), 13-1819.  Although Veloz briefly argued in closing that the tee shirt and shopping cart were not instruments, containers or devices, he acknowledged that "article" could reference an article of clothing, such as the shirt here.  Further, he makes no argument on appeal that the artifice or device element was not met.  The evidence did not support a lesser-included offense instruction of shoplifting, and the court did not commit fundamental, prejudicial error in not sua sponte instructing on that offense.  *See State v. Larin*, 233 Ariz. 202, ¶ 17, 310 P.3d 990, 996 (App. 2013) (no error where evidence did not support lesser-included offense instruction).[10]

---

[8] Because Veloz took less than $1,000 in property, any shoplifting charge pursuant to A.R.S. § 13-1805(A) would have been a class one misdemeanor.  The only applicable subsections under these facts would be §§ 13-1805(A)(1) and (5), which require removing goods from the display without paying the purchase price or concealment, respectively.

[9] The shoplifting statute does include an offense in which a person uses an artifice or device "with the intent to facilitate shoplifting," but like organized retail theft, it is a class four felony. §§ 13-1805(I); 13-1819(B).

[10] We note our conclusion regarding intent to deprive in the organized retail theft statute renders the jury instruction on that count incorrect.  Although not objected to at trial or raised on appeal, eliminating an element of an offense is fundamental error. *State v. DiGiulio*, 172 Ariz. 156, 161, 835 P.2d 488, 493 (App. 1992). We do not find prejudice, however, because the jury found Veloz guilty of theft, which required it to find intent to deprive on the same set of facts.  *Cf. DiGiulio*, 172 Ariz. at 161-62, 835 P.2d at 493-94 (modifying conviction to lesser offense where jury verdict on other charge necessarily satisfied all elements).  Further, Veloz made no

## Criminal Restitution Order

¶20        Although not mentioned in the parties' briefs, we find fundamental, prejudicial error in the court's imposition of a CRO. *See Fernandez*, 216 Ariz. 545, ¶ 32, 169 P.3d at 650 (court will not ignore fundamental error).  The trial court ordered Veloz to pay a fine, an assessment, a time payment fee, and restitution, and then entered "a Criminal Restitution Order in favor of the Court for any unpaid balance due for fines, fees, surcharges or assessments which were previously imposed."  For the reasons set forth in *State v. Cota*, 234 Ariz. 180, ¶¶ 15-17, 319 P.3d 242, 246-47 (App. 2014), the CRO is unauthorized except to the extent it pertains to restitution.  *See* A.R.S. § 13-805.

## Sentencing Minute Entry Error

¶21        Finally, the sentencing minute entry incorrectly states Veloz was sentenced to a "presumptive term of four (4) years" on the organized retail theft charge.  It is clear from the applicable sentencing statute that the presumptive term is 4.5 years, *see* A.R.S. § 13-703(B), (I), and it is clear from the oral pronouncement of sentence that the intended term was "the presumptive term . . . of four years and six months."  We may order the minute entry corrected if the record clearly identifies the intended sentence. *State v. Ovante*, 231 Ariz. 180, ¶ 38, 291 P.3d 974, 982 (2013) (noting oral pronouncement in open court controls over minute entry).  We correct the minute entry to reflect the intended sentence of 4.5 years' imprisonment on Count 1.

## Disposition

¶22        We vacate the portion of the CRO unrelated to restitution, vacate Veloz's conviction for theft, and otherwise affirm Veloz's conviction and sentence as corrected.

---

argument at trial that he did not intend to deprive the owner; rather, he conceded, "It's a simple case of simple theft.  Nothing more."