IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JULIE LYNN COPE, *Appellant.*

No. 1 CA-CR 14-0596
FILED 12-30-16

Appeal from the Superior Court in Maricopa County
No. CR2012-153989-001
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Michael J. Dew, Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

**OPINION**

Judge Patricia A. Orozco delivered the opinion of the Court, in which
Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

**O R O Z C O**, Judge:

**¶1**        Julie Lynn Cope appeals her convictions and sentences for shoplifting under Arizona Revised Statutes (A.R.S.) section 13-1805.A.1 (West 2016)[1] and for organized retail theft under both A.R.S. §§ 13-1819.A.1 and -A.2.  Because we conclude that Cope's shoplifting conviction was a lesser-included offense of her conviction for organized retail theft pursuant to A.R.S. § 13-1819.A.2, we vacate Cope's shoplifting conviction.  However, because we conclude that Cope's convictions for organized retail theft under A.R.S. §§ 13-1819.A.1 and -A.2 do not violate double jeopardy, we affirm her convictions and sentences on both charges.

## FACTS AND PROCEDURAL HISTORY

**¶2**        The State filed a direct complaint against Cope, charging her with the following offenses: Count 1, Shoplifting, in violation of A.R.S. § 13-1805.A.1; Count 2, Organized Retail Theft, in violation of A.R.S. § 13-1819.A.1; and Count 3, Organized Retail Theft, in violation of A.R.S. § 13-1819.A.2.  After a trial conducted in absentia, a jury convicted Cope on all three counts.  The jury also found aggravating factors on each count, and after Cope was taken into custody, the court sentenced her to nine-and-a-half years' incarceration on each conviction, to be served concurrently.

**¶3**        Cope timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1, 13-4031, and -4033.A.1.

## DISCUSSION

### I.      Lesser-Included Offense

**¶4**        Cope contends her shoplifting conviction under A.R.S. § 13-1805.A.1 should be vacated, because it is a lesser-included offense of her conviction for organized retail theft pursuant to § 13-1819.A.2.

**¶5**        Statutory interpretation is a question of law we review de novo.  *State v. Gonzalez*, 216 Ariz. 11, 12, ¶ 2 (App. 2007) (citing *State v. Johnson*, 195 Ariz. 553, 554, ¶ 3 (App. 1999)).  Double jeopardy protects a defendant from multiple punishments arising from the same offense.  *State v. Garcia*, 235 Ariz. 627, 629, ¶ 5 (App. 2014); *see* U.S. Const. amend. V; Ariz.

---

[1]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

Const. art. 2, § 10. "Because greater and lesser-included offenses are considered the 'same offense,' the Double Jeopardy Clauses forbid the imposition of a separate punishment for a lesser offense[,] when a defendant has been convicted and sentenced for the greater offense." *Id.* "To constitute a lesser-included offense, the crime must be 'composed solely of some[,] but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one.'" *Id.* at 629-30, ¶ 6 (quoting *State v. Chabolla-Hinojosa*, 192 Ariz. 360, 363, ¶ 11 (App. 1998)). A double jeopardy violation is fundamental error. *State v. Price*, 218 Ariz. 311, 313, ¶ 4 (App. 2008).

**¶6**         We conclude that shoplifting under A.R.S. §§ 13-1805.A.1 is a lesser-included offense of organized retail theft pursuant to A.R.S. § 13-1819.A.2, because each element of shoplifting is required to prove organized retail theft. A person commits organized retail theft by using "an artifice, instrument, container, device or other article to facilitate the removal of merchandise . . . without paying the purchase price." A.R.S. § 13-1819.A.2. Although the requisite intent is not specified in the statute, in *State v. Veloz*, 236 Ariz. 532, 536, ¶ 10 (App. 2015) we held that proof of an intent to deprive is an element of the crime. By comparison, a person commits shoplifting by removing goods with the "intent to deprive." A.R.S. § 13-1805.A.1. Shoplifting is therefore a lesser-included offense of organized retail theft.

## II.     Double Jeopardy Does Not Bar Convictions under Both A.R.S. §§ 13-1819.A.1 and A.2

**¶7**         Cope argues that her convictions for organized retail theft under §§ 13-1819.A.1 and -A.2 arising from the theft of the same item violates double jeopardy.

**¶8**         Double jeopardy prohibits multiple punishments for the same offense. *State v. Powers*, 200 Ariz. 123, 125, ¶ 5 (App. 2001) (citing *Ohio v. Johnson,* 467 U.S. 493, 497-98 (1984); *Taylor v. Sherrill,* 169 Ariz. 335, 338 (1991)). "We review de novo whether double jeopardy applies." *State v. Harm*, 236 Ariz. 402, 406, ¶ 15 (App. 2015) (citing *State v. Siddle*, 202 Ariz. 512, 515, ¶ 8 (App. 2002)). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *State v. Anderson*, 210 Ariz. 327, 357, ¶ 139 (2005) (quoting *Blockburger v. U.S.*, 284 U.S. 229, 304 (1932)). In other words, in order to avoid double jeopardy, it must be possible to violate one statute without

violating the other.  *Hernandez v. Super. Ct. of Maricopa Cty.*, 179 Ariz. 515, 517-18 (App. 1994).

**¶9**  Because the two offenses that Cope was convicted of committing require proof of elements not included in the other, her double jeopardy claim fails.  *See Hernandez*, 179 Ariz. at 517-18.  Pursuant to A.R.S. § 13-1819.A.1, a person commits organized retail theft when she "[r]emoves merchandise from a retail establishment without paying the purchase price with the intent to resell or trade the merchandise for money or for other value."  However, under A.R.S. § 13-1819.A.2, a person commits organized retail theft by using "an artifice, instrument, container, device or other article to facilitate the removal of merchandise from a retail establishment without paying the purchase price."  Thus, in comparing the two offenses, organized retail theft pursuant to § 13-1819.A.1 requires evidence of intent to resell or trade merchandise, whereas § 13-1819.A.2 requires an intent to deprive.  *Veloz*, 236 Ariz. at 536, ¶ 10.  Also, in order to prove organized retail theft under § 13-1819.A.2, the State must prove that an artifice/device was used to facilitate the removal of the merchandise; in contrast, under § 13-1819.A.1, the State is not required to show a device or artifice was used.  Accordingly, there is no double jeopardy violation present by Cope's convictions under both § 13-1819.A.1 and § 13-1819.A.2.

## CONCLUSION

**¶10**  For the forgoing reason, we vacate Cope's conviction and sentence for shoplifting, and affirm her convictions and sentences for two counts of organized retail theft.

