NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROBERT T. GRAVES, *Appellant*.

No. 1 CA-CR 17-0751
FILED 2-28-2019

Appeal from the Superior Court in Maricopa County
No. CR2013-460694-001
The Honorable Jeffrey A. Rueter, Judge

**VACATED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

**C R U Z**, Judge:

¶1          Robert Terrell Graves appeals his two convictions and sentences for organized retail theft.  Graves argues the superior court erred by denying his request to instruct the jury that it could convict him of shoplifting.  For the following reasons, we vacate his convictions and sentences and remand.

### FACTS[1] AND PROCEDURAL HISTORY

¶2          While in a department store, Graves took several items from the shelves and placed them in empty shopping bags he had taken from an unmanned cash register.  Without paying for the items, he pushed his shopping cart beyond all the checkout aisles, past the electronic security sensors and the store greeter.  A police officer stopped him before he exited the store's outer doors.[2]  Graves admitted to police he was going to sell the property in exchange for drugs.

¶3          Graves was convicted of two counts of organized retail theft.  The superior court sentenced him to concurrent terms of 4.5 years' imprisonment.

¶4          Graves was permitted to file an untimely appeal.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[1]          We view the facts in the light most favorable to sustaining the verdicts.  *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

[2]          Graves was apprehended in the store's vestibule after he exited the first set of doors, but before he passed through a second exiting set of doors that led into the rest of the mall.

**DISCUSSION**

¶5          Before closing arguments, Graves requested the superior court instruct the jury on shoplifting as a lesser-included offense. The court denied his request, reasoning shoplifting was not a lesser-included offense of organized retail theft. Graves argues the court's failure to give the instruction was reversible error. We review the denial of a requested instruction on a lesser-included offense for abuse of discretion. *State v. Johnson*, 212 Ariz. 425, 431, ¶ 15 (2006).

¶6          A defendant is entitled to an instruction on a lesser-included offense when (1) the offense is in fact a lesser-included offense, and (2) the jury could reasonably find the State had proved only the elements of the lesser offense. *State v. Wall*, 212 Ariz. 1, 3, ¶ 14 (2006).

¶7          First, shoplifting under A.R.S. § 13-1805(A)(1) is a lesser-included offense of organized retail theft. "An offense is lesser included when the greater offense cannot be committed without necessarily committing the lesser offense." *Wall*, 212 Ariz. at 3, ¶ 14 (citation and internal quotations omitted).

¶8          The shoplifting statute states, in relevant part:

> A person commits shoplifting if, while in an establishment in which merchandise is displayed for sale, the person knowingly obtains such goods . . . with the intent to deprive that person of such goods by:
>
> 1. Removing any of the goods from the immediate display or from any other place within the establishment without paying the purchase price . . . .

A.R.S. § 13-1805(A)(1).

¶9          By contrast, according to the organized retail theft statute:

> A person commits organized retail theft if the person . . .
>
> 1. Removes merchandise from a retail establishment without paying the purchase price with the intent to resell or trade the merchandise for money or for other value[, or]
>
> 2. Uses an artifice [or] . . . container . . . to facilitate the removal of merchandise from a retail establishment without paying the purchase price.

A.R.S. § 13-1819(A)(1)-(2).

**¶10** Comparing the elements of the two statutes, it is impossible to commit organized retail theft without shoplifting. A defendant must first remove an item from a location in the store with the intent to deprive before removing it from the entire "retail establishment" with the intent to resell or trade it.

**¶11** The State argues the *mens rea* requirement that is expressly stated in § 13-1819(A)(1) (intent to resell or trade the merchandise) is not the same as the "intent to deprive" required in § 13-1805(A)(1). Therefore, according to the State, as a matter of law, shoplifting is not a lesser-included offense of either subsection of organized retail theft. However, one cannot intend to resell or trade another's merchandise without first intending to deprive that person of the merchandise. Consistent with this reasoning, in *State v. Cope* we held that shoplifting is a lesser-included offense of organized retail theft under A.R.S. § 13-1819(A)(2). 241 Ariz. 323, 325, ¶ 6 (App. 2016). *Cope* relied on *State v. Veloz*, 236 Ariz. 532 (App. 2015), in which we concluded that A.R.S. § 13-1819(A)(2)—which does not, on its face, contain a *mens rea* element—necessarily requires the State to prove the defendant had an intent to deprive. *Cope*, 241 Ariz. at 325, ¶ 6; *see Veloz*, 236 Ariz. at 536, ¶¶ 10-11. We decline the State's invitation to diverge from the holdings in *Cope* and *Veloz*.

**¶12** Here, a reasonable jury could find the State proved shoplifting but not organized retail theft. Shoplifting occurs when someone removes merchandise from a display or other place within the store. A.R.S. § 13-1805(A)(1). In contrast, both subsections of organized retail theft require proof that the defendant removed the merchandise from the retail establishment. A.R.S. § 13-1819(A)(1), (2). The evidence reasonably supports a determination that Graves had not removed the merchandise from the department store when he was stopped. While Graves had passed all points of sale when he was stopped, a loss prevention officer testified Graves was still inside the store. In fact, the area in which Graves was stopped was a space that the store leased in a shopping mall to display its products for sale. Despite the State's characterization of the area as a "common area" with entrances to other businesses in the mall, there was a prominent sign bearing the name of the store in the area. Further, store customers could gather shopping carts from that area. The second set of doors, which Graves had not yet passed before he was detained, was part of the store's facade and contained the store's signage. A reasonable jury could have decided Graves had not removed the merchandise from the

retail establishment—making him guilty of shoplifting, not organized retail theft.  Graves was entitled to a jury instruction on shoplifting.

**CONCLUSION**

**¶13**        Accordingly, Graves' convictions and sentences are vacated, and we remand for proceedings consistent with this decision.

