NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FRANCISCO NUNEZ CARRILLO, *Appellant.*

No. 1 CA-CR 19-0492
FILED 7-16-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-146733-001 DT
The Honorable Kathleen H. Mead, Judge

**AFFIRMED IN PART AS MODIFIED, VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie[1] delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

---

**M c M U R D I E**, Judge:

**¶1**        Francisco Nunez Carrillo appeals from his convictions and sentences for two counts of aggravated assault and one count of unlawful discharge of a firearm. Carrillo's counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. We allowed Carrillo to file a supplemental brief, but he did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we vacate Carrillo's second conviction for aggravated assault but affirm Carrillo's other convictions and sentences as modified.

## FACTS[2] AND PROCEDURAL BACKGROUND

**¶2**        On September 21, 2018, Carrillo, Carrillo's sister (Z.C.), and her husband (P.O.), were gathered at Carrillo's aunt's apartment. Z.C. and P.O. began to argue, and Z.C. left the apartment in the couple's car. Unwilling to walk home, P.O. walked to a nearby convenience store to purchase alcohol. When he returned to the apartment, P.O. noticed his phone battery was nearly dead, so he went into a bedroom to charge his phone. As P.O. did so, Carrillo entered the bedroom with a handgun and shot him. The bullet penetrated through P.O.'s abdomen, burying itself into

---

[1]        Judge McMurdie replaces the Honorable Kenton D. Jones, who was originally assigned to this panel. Judge McMurdie has read the briefs and reviewed the record.

[2]        We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

the drywall behind him. Carrillo attempted to fire the gun again, but it jammed.

¶3            When police arrived at the scene, they arrested Carrillo nearby and found the handgun, its slide still jammed open, lying on the concrete outside the open apartment door. Inside the apartment, officers discovered P.O. in the bedroom in severe medical distress and sent him to a hospital for emergency treatment. Officers photographed the scene, recovered the bullet that had struck P.O. from the drywall, and found a spent casing and a box of ammunition. The ammunition in the box and within the handgun was the same caliber and brand as the spent casing and bullet that struck P.O.

¶4            At the police station, Carrillo consented to an interview with Detective David Thompson after receiving *Miranda*[3] warnings. During the interview, Carrillo initially claimed that P.O. shot himself. Eventually, Carrillo admitted that he had shot P.O.

¶5            P.O. underwent emergency surgery. Due to the damage caused by the gunshot, doctors removed P.O.'s kidneys, adrenal glands, spleen, and gallbladder, as well as a portion of his liver. P.O. also suffered a spinal fracture that required neurosurgery. Although P.O. survived the surgeries, his treating physicians believed there was a genuine risk that he would die from his injuries. Around a week later—when P.O. had recovered enough to speak—Detective Thompson interviewed him about the shooting. P.O. claimed he did not know who shot him.

¶6            A grand jury indicted Carrillo for: (1) one count of aggravated assault with a deadly weapon, a class 3 felony; (2) one count of aggravated assault causing a serious physical injury, a class 3 felony; (3) one count of unlawful discharge of a firearm, a class 6 felony; and (4) one count of misconduct involving weapons, a class 4 felony. The State filed allegations of aggravating circumstances under Arizona Revised Statutes ("A.R.S.") section 13-701(D) and that Carrillo had prior historical and non-historical felony convictions under A.R.S. § 13-105(22) and -703. The court severed the trial on the misconduct-involving-weapons charge from the other charges.

¶7            In February 2019, while Carrillo's trial was still pending, P.O. contacted Detective Thompson and requested to make a statement. During

---

[3]        *Miranda v. Arizona*, 384 U.S. 436 (1966).

this second interview, P.O. admitted he had lied in the first interview and then identified Carrillo as the shooter.

¶8        The court held a six-day jury trial in May and June 2019. During the trial, the State called P.O., the law-enforcement officers who investigated the shooting, and P.O.'s treating physicians to testify about the circumstances surrounding the crimes and the extent of P.O.'s injuries. When questioned about changing his statement to the police, P.O. explained that he initially refused to identify Carrillo to avoid betraying his wife and to protect her family. When his wife failed to support him in the wake of the assault, however, P.O. decided to come forward and identify Carrillo as the shooter. P.O. also testified that, because of his injuries, he was unable to work, could not drive or play sports, and would be forced to undergo regular medical treatments for the rest of his life. After the State's case, Carrillo declined to testify or present evidence in his defense. The jury found Carrillo guilty as charged. After an aggravation trial, the jury found the State had proven two aggravating circumstances for each of the aggravated-assault convictions and found that all three offenses were dangerous.

¶9        Before sentencing, the State dismissed the misconduct-involving-weapons charge. The court conducted a sentencing hearing and found the State had proven beyond a reasonable doubt that Carrillo had five prior felony convictions, three of which were historical. The court held that Carrillo would, therefore, be sentenced as a category three repetitive offender. *See* A.R.S. § 13-703(C). On the State's motion, the court dismissed the dangerous-offense designation for each charge. After considering the aggravating and mitigating circumstances, the court sentenced Carrillo to aggravated terms of 24 years' imprisonment for the aggravated-assault convictions and a presumptive term of 3.75 years' imprisonment for unlawful-discharge, all to run concurrently with 335 days' presentence incarceration credit. Carrillo appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶10        We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300.

¶11        Carrillo was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Carrillo all his constitutional and statutory rights, and the proceedings were conducted following the Arizona Rules of Criminal

Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Carrillo's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

¶12        However, we note two errors that we can resolve without a remand. First, the sentencing minute entry erroneously stated that Carrillo's sentence for the second count of aggravated assault was made under the statutory scheme for dangerous offenses, A.R.S. § 13-704. "When a discrepancy between the trial court's oral pronouncement of a sentence and the written minute entry can be clearly resolved by looking at the record, the '[o]ral pronouncement in open court controls over the minute entry.'" *State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013) (alteration in original) (quoting *State v. Whitney*, 159 Ariz. 476, 487 (1989)). If the intended sentence can be identified, this court can order the minute entry corrected. *See id.*; *State v. Veloz*, 236 Ariz. 532, 538, ¶ 21 (App. 2015). Here, the transcript of the sentencing hearing makes clear that the court intended to sentence Carrillo as a category three repetitive offender under A.R.S. § 13-703(J) for all counts. Thus, Carrillo was sentenced for the second aggravated-assault count under A.R.S. § 13-703(J).

¶13        However, Carrillo's two convictions for aggravated assault are multiplicitous. Multiplicity occurs when an indictment charges a single offense in multiple counts. *State v. O'Brien*, 123 Ariz. 578, 582 (App. 1979). A multiplicitous prosecution violates the double jeopardy protections of the United States Constitution and Article 2, § 10 of the Arizona Constitution, even when the court ultimately imposes concurrent sentences. *See Ball v. United States*, 470 U.S. 856, 865 (1985) ("The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored."). Because aggravated assault, as defined in A.R.S. § 13-1204(A), constitutes a single offense that may be committed in several ways, *see State v. Pena*, 209 Ariz. 503, 506, ¶ 12 (App. 2005), a defendant cannot be convicted twice of aggravated assault arising from a single act. *See, e.g.*, *State v. Steel*, 1 CA-CR 16-0545, 2018 WL 3358998, at *2-3, ¶¶ 12–14 (Ariz. App. July 10, 2018) (mem. decision); *State v. Mack*, 1 CA-CR 16-0803, 2017 WL 3597406, at *2–4, ¶¶ 7–14 (Ariz. App. Aug. 22, 2017) (mem. decision).

¶14        Here, Carrillo's two aggravated-assault charges stemmed from only one act—shooting P.O. The State alleged that Carrillo performed a single act (firing the handgun) that resulted in a single wound to a single victim (P.O.). Thus, Carrillo committed only one act of aggravated assault, and his two aggravated-assault convictions are multiplicitous. Typically,

5

we would provide the State an opportunity to brief the court regarding an issue of fundamental error before issuing our decision. But given the State's willingness to concede error concerning this exact issue in recent cases, we do not believe such action is necessary in this case. *See e.g.*, *Steel*, 2018 WL 3358998, at *2, ¶ 12; *Mack*, 2017 WL 3597406, at *3, ¶ 12.

**¶15**       "We generally vacate the 'lesser' of two convictions when double jeopardy is violated." *State v. Braidick*, 231 Ariz. 357, 360, ¶ 13 (App. 2013). But both aggravated-assault convictions, in this case, carry identical sentences as corrected, *see supra* ¶ 12. Had the superior court intended to sentence Carrillo for the aggravated-assault convictions under different sentencing schemes, we would remand for it to determine which conviction should be vacated. Because the court sentenced Carrillo under the same sentencing scheme, we choose to vacate the second of the convictions, aggravated assault causing serious physical injury. *Cf. State v. Powers*, 200 Ariz. 123, 127, ¶ 16 (App. 2001) (choosing to vacate second conviction in double-jeopardy case); *Braidick*, 231 Ariz. at 361, ¶ 13 (same).

**¶16**       Finally, the court erred by ordering Carrillo to pay for his DNA testing under A.R.S. § 13-610. *See State v. Reyes*, 232 Ariz. 468, 472, ¶ 14 (App. 2013); *State v. Coulter*, 236 Ariz. 270, 276, ¶ 17 (App. 2014). Accordingly, Carrillo's sentences are modified to delete the requirement that he pay for the cost of DNA testing.

## CONCLUSION

**¶17**       We vacate the requirement that Carrillo pay for DNA testing and modify the sentencing minute entry to reflect that Carrillo was sentenced under A.R.S. § 13-703(J) for his convictions. We also vacate the second of Carrillo's aggravated-assault convictions, aggravated assault causing serious physical injury. We otherwise affirm Carrillo's convictions and sentences. After the filing of this decision, defense counsel's obligations pertaining to Carrillo's representation in this appeal will end after informing Carrillo of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).