NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DONOVAN QUARMBY, JR., *Appellant*.

No. 1 CA-CR 22-0027
FILED 9-29-2022

Appeal from the Superior Court in Maricopa County
No. CR2021-123829-001
The Honorable Frank W. Moskowitz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

**B A I L E Y**, Judge:

**¶1**  This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Defendant Donovan Quarmby, Jr. filed a brief advising the court that, after searching the entire record, he is unable to discover any arguable questions of law and requesting that this court conduct an *Anders* review of the record. Quarmby was given the opportunity to file a supplemental brief pro per, and although he did not do so, he raised two issues through counsel that we address. For the following reasons, we affirm Quarmby's conviction and probation.

## FACTS AND PROCEDURAL HISTORY

**¶2**  Anna[1] invited Quarmby—her brother—and his two children to stay in her home with her three children. Early one morning, Anna awoke to Quarmby yelling and his youngest child who was crying. Anna went to the kitchen and saw Quarmby "yelling into his [youngest child's] face." Quarmby was upset about a towel hook that had been pulled from the bathroom wall.

**¶3**  Anna comforted Quarmby's youngest child and raised her voice at Quarmby, demanding he stop yelling. An argument between Anna and Quarmby ensued, and Quarmby, standing more than 20 feet away from Anna, "balled up his fists" and sprinted at her, causing her to back into a wall. Once Quarmby reached Anna, he dropped his forehead into her face, headbutting her and fracturing her nasal bone. One of Anna's children called 911 to notify the police.

---

[1] Anna is a pseudonym we use to protect the victim's identity. *See State v. Bolivar*, 250 Ariz. 213, 217, ¶ 2 n.1 (App. 2020).

¶4        The State charged Quarmby with aggravated assault, a class four felony and domestic violence offense, and five counts of disorderly conduct, class one misdemeanors.

¶5        At trial, all the children in the home testified. Quarmby's youngest child said that Quarmby questioned him about a broken towel hanger in the bathroom. He said Quarmby yelled at and hit him,[2] and when Anna came into the room, Quarmby started to yell at her too. He testified, "My dad was running at her, and then he hit her in the head -- well, he hit her in the nose with his head." All the other children's testimony was consistent and substantially corroborated this series of events.

¶6        The jury convicted Quarmby of the felony aggravated assault charge and acquitted him of the remaining charges. The trial court suspended imposition of sentence and placed Quarmby on supervised probation for three years, including 210 days in jail, with credit for his presentence incarceration.

¶7        We have jurisdiction over Quarmby's timely appeal under Article 6, section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031, and 13–4033(A).

## DISCUSSION

¶8        Quarmby raised two issues through counsel: (1) he argues insufficient evidence supports concluding he had the requisite intent for aggravated assault, and (2) his acquittal on the disorderly conduct charges demonstrates that the aggravated assault was simply a "mistake."

¶9        Assault occurs when a person "[i]ntentionally, knowingly, or recklessly caus[es] any physical injury to another person." A.R.S. § 13-1203(A)(1). An assault is aggravated when the person committing the assault fractures any body part of the other person. A.R.S. § 13-1204(A)(3).

¶10        The State presented testimony that Quarmby ran in Anna's direction with his head down and his fists balled up. The State also presented expert testimony that Anna suffered a nasal fracture and introduced photographs into evidence depicting her facial injuries. Because

---

[2]        For "appellate purposes," Quarmby suggested that his youngest child's testimony merited a mistrial, but specifically asked the court not to grant a mistrial. The trial court later instructed the jury that "both sides stipulate that that was simply part of normal discipline of the child and you're not to read anything further into that testimony."

substantial evidence supports that Quarmby committed aggravated assault, we find no error, much less reversible error, in Quarmby's conviction.

¶11 Quarmby next argues that his aggravated assault conviction should be deemed a "mistake" because he was acquitted of the disorderly conduct charges.

¶12 "A person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person . . . [m]akes unreasonable noise." A.R.S. § 13-2904(A)(2).

¶13 Here, Quarmby need not have intended to disturb the peace or quiet of anyone in the home to have intentionally, knowingly, or recklessly assaulted and injured Anna. "Because intent to disturb is an essential element of disorderly conduct, a person can commit aggravated assault under subsection (A)(1) [of A.R.S. § 13-1203] without committing disorderly conduct." *State v. Foster*, 191 Ariz. 355, 357, ¶ 10 (App. 1998). Thus, "disorderly conduct is not a lesser-included offense of aggravated assault under A.R.S. section 13-1203(A)(1)," *id.*, and Quarmby's conviction for aggravated assault is consistent with his acquittal of disorderly conduct.

¶14 We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). The evidence presented at trial was substantial and supported a finding that Quarmby possessed the requisite intent for aggravated assault. Moreover, Quarmby's claim that his aggravated assault conviction should be viewed as a mistake because he was acquitted of the disorderly conduct charges is without merit.

¶15 Quarmby was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**CONCLUSION**

¶16 Quarmby's conviction and probation are affirmed.

¶17 Upon the filing of this decision, defense counsel is directed to inform Quarmby of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by

petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Quarmby will have 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

